AMERICAN PUBLISHING COMPANY, APPELLANT, *v.*
C. E. MAYNE COMPANY, RESPONDENT.

PRACTICE.—SUPPRESSION OF DEPOSITION.—OBJECTIONS WAIVED.—
Where the objection to a deposition is of such a character that it can be made the subject of a motion to suppress the deposition, and no motion to suppress is made, but the deposition stands unobjected to until the trial, such objection cannot be made for the first time at the trial, but must be considered as waived.

PRACTICE.—BILL OF EXCEPTIONS.—AMENDMENT.—*Semble* that after a bill of exceptions has been settled, signed, and certified by the court, it has no right to amend the same by an *ex parte* order.

APPEAL from a judgment of the district court of the fourth district, Hon. James A. Miner, judge. The opinion states the facts except the following:

The case came up on the judgment roll and bill of exceptions; no motion for a new trial was made. The bill of exceptions was dated April 21, 1893, and made *nunc pro tunc* as of February 8, 1893. The trial was had and judgment rendered January 27, 1893. Notice of appeal was served May 6, 1893. The motion was made at the trial, as shown by the bill of exceptions, to exclude the deposition. It was granted and the plaintiff excepted. This

was the only evidence offered by the plaintiff.    Thereupon the cause was dismissed for failure of proof and plaintiff excepted.    Subsequently on May 2, 1893, the court made an order to this effect:

"After signing the above bill of exceptions, supposing it was correct, and after reading it over I found an error therein, in this, that no exception was taken by the plaintiff's attorney at the time to the ruling of the court in refusing to admit the deposition and testimony of Alfred E. Cotzhausen and be read in evidence.    At the time it was rejected plaintiff's attorney stated in court that its ruling was correct in excluding the same, and that he did not dispute its rule laid down in *Dye* v. *Bailey*, 2 Cal. 383.

"This exception should be and is struck out from the above bill of exceptions as not taken at the time, and the bill is so amended."

It would appear that it was impliedly held by the court in this opinion that this order was erroneous, otherwise there was no exception to review.

*Messrs. Dey and Street,* for the appellant.

It was error to exclude the deposition and it was error to amend the bill of exceptions by an *ex parte* order. *Branger* v. *Chevalier*, 9 Cal. 172; *Givens* v. *Bradley*, 3 Bibb. (Ky.) 195; *Hamilton* v. *Burçt*, 28 Ind. 233; *Bank* v. *Kinsey*, 5 Ala. 9; *Dudley* v. *Chillon Co.*, 66 Ala. 593; *Galpin* v. *Paige*, 18 Wall. 350.

*Mr. A. R. Heywood,* and *Messrs. Kimball and Allison,* for the respondent.

A deposition not properly taken in accordance with the requirements of the statute is inadmissible.    *McCann* v. *Beach*, 2 Cal. 25; *McCann* v. *Beach*, 2 Cal. 32; *Dye* v. *Bailey*, 2 Cal. 385; *Williams* v. *Chadburne*, 6 Cal. 259; *Griffith* v. *Gruner*, 47 Cal. 644; *People* v. *Morine*, 54 Cal.

575; *People* v. *Mitchell,* 64 Cal. 85; *Howell* v. *Howell,* 66 Cal. 390.

A motion to suppress the reading of a deposition cannot be made under the Utah statute; the objection can be made when it is offered in evidence.  *Mills* v. *Dunlap,* 3 Cal. 94; *Jones* v. *Love,* 9 Cal. 70; *Hobbs* v. *Duff,* 43 Cal. 485; *Dye* v. *Bailey,* 2 Cal. 383; *Howell* v. *Howell,* 66 Cal. 390; *Griffith* v. *Gruner,* 47 Cal. 644.

ZANE, C. J.:

This is an action to recover damages in consequence of a breach of the contract described in the complaint.  On the trial of the cause the plaintiff offered to read in evidence a deposition taken under a stipulation of counsel, waiving all objections to the form of taking it, but reserving to each party the right to object to all questions and answers on the ground of irrelevancy, immaterialty, or incompetency.  The notary public who took it stated in the caption that it was taken in pursuance of the stipulation, the time and place of taking it, and that the witness was duly sworn to answer the interrogatories attached. There was also a jurat at its conclusion, showing that the witness was duly sworn.  The defendant objected to its being read, on the ground that it was not properly certified by the officer taking it, and the court sustained the objection.  This ruling the plaintiff excepted to, and assigned as error.

The deposition had been on file in the case a year and a half before it was called for trial.  The objection was not because any question or answer was irrelevant, immaterial, or incompetent.  The defect was one that could have been remedied by adding a proper certificate, or by retaking the deposition.  An objection to the form of a question, or to the form of an answer, should be made when the question is asked or the answer is given; but if

the objection is on the ground of immateriality, irrelevancy, or incompetency, it may be taken when the offer to read the question or answer is made. If the certificate is insufficient or the deposition is defective in any other respect that can be remedied by retaking it, a motion to suppress should be made before the case is called for trial. The defendant could not remain silent until too late to remedy the defect, and then surprise the plaintiff by such an objection. Such a practice would be unfair. The defendant should have entered a motion to suppress the deposition before the case was called for trial. By failing to do so, he waived his right to such an objection.

The correct practice is laid down in the case of *Doane* v. *Glenn*, 21 Wall. 33, in the following terms: "None of the objections to the reading of the deposition go to the testimony of the witness. All of them relate to defects and irregularities which might have been obviated by retaking the deposition. It does not appear that any notice beforehand was given to the counsel of the plaintiffs that they would be made. In such cases the objection must be noted when the deposition is taken, or be presented by a motion to suppress before the trial is begun. The party taking the deposition is entitled to have the question of its admissibility settled in advance. Good faith and due diligence are required on both sides. When such objections, under the circumstances of this case, are withheld until the trial is in progress, they must be regarded as waived, and the deposition should be admitted in evidence. This is demanded by the interests of justice. It is necessary to prevent surprise and the sacrifice of substantial rights. It subjects the other party to no hardship. All that is exacted of him is proper frankness." To the same effect is *Howard* v. *Manufacturing Co.*, 139 U. S. 199, 11 Sup. Ct. Rep. 500. This rule is not in

21

conflict with the statutes of this Territory. Such legal objections as the defendant relied upon in this case may be waived by a failure to insist on them in due season. It is true that the supreme court of California has held otherwise, under a statute similar to our own. On principle as well as authority, however, we are of the opinion that the rule as above stated is sound.

It is unnecessary to consider the other errors assigned. For the reasons stated, the judgment of the court below is reversed, and the cause is remanded.

BARTCH, J., and SMITH, J., concurred.