Argued October 16; decided November 4, 1895.

## SUGAR PINE LUMBER CO. *v.* GARRETT.

[42 Pac. 129.]

1. WAIVER OF OBJECTION TO DEPOSITION.—An objection that the certificate to a deposition did not show that the deposition was taken by the person to whom the commission was addressed, nor, in the official capacity designated therein, must be taken by motion to suppress before the trial is begun, otherwise it will be considered waived under the rule that objections to depositions for defects that may be remedied by retaking cannot be made at the trial.

2. SECONDARY EVIDENCE.—A letter-press or other copy of a letter is admissible to prove the contents of the original, where the latter is proven to have been mailed, postage prepaid, directed to the adverse party at his usual postoffice address, and a notice has been given to the latter to produce the original, but he had failed to do so, and there is evidence that such copy is identical with and in every respect an exact copy of the original letter.

3. NOTICE TO PRODUCE PAPERS — NONJUDICIAL DAY.—A notice to produce papers at a trial is good though given on a nonjudicial day, and, in the absence of any showing to the contrary, one day's notice may be considered sufficient.

4. COSTS ON APPEAL — DISCRETION OF COURT — CODE, § 552.—Where a judgment is modified on appeal to the circuit court, the question of costs is in the sound discretion of that court, and its decision will be disturbed only in case of abuse.

5. MILEAGE FOR WITNESSES.—A party is entitled to recover mileage for the number of miles actually traveled by each witness within this state: *Crawford* v. *Abraham*, 2 Or. 167, approved and followed.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This action was originally commenced in a justice's court to recover an alleged balance of two hundred and twenty-four dollars and twenty cents for certain lumber and building material sold and delivered by the Sugar Pine Door and Lumber Company to William Garrett and Company. A trial in the justice's court resulted in a judgment in favor of plaintiff for the amount demanded. From this judgment the defend-

ants appealed to the circuit court, where the cause
was tried anew, and judgment rendered in favor of
the plaintiff for the sum of one hundred and seventy-
nine dollars and ninety cents, from which the defend-
ants appeal to this court.                     AFFIRMED.

For appellants there was a brief and an oral argu-
ment by *Messrs. Granville G. Ames,* and *Emmet B. Williams.*

For respondent there was a brief and an oral argu-
ment by *Mr. Albert H. Tanner.*

1. As a defense to the action the defendants
pleaded in their answer that the Pacific Builders'
Supply Company was the agent of the plaintiff, and
had the exclusive right and authority to sell the out-
put of its mill in Multnomah County, and receive
payment therefor; that they purchased the lumber and
material in question from such company, and paid it
for the same prior to the commencement of this ac-
tion. Except as to some matters of costs and dis-
bursements, the errors assigned are directed to the
rulings of the court having reference to this question
of payment. The purchase of the lumber and the
payment to the supply company were both admitted,
and the only contested question on the trial was as
to its authority to receive the payment. It is not
claimed, as we understand the record, that the original
appointment of the supply company as plaintiff's
agent for the sale of lumber authorized it to receive
payment from purchasers; but defendants sought to
show that by the general course of dealing said com-
pany was held out to them by the plaintiff as having
such authority, and gave evidence tending to that ef-
fect. The plaintiff, to rebut this evidence, and to

show that any authority which the supply company had to receive money for it from the defendants was revoked prior to the payment, and that it had notified defendants in writing not to make any payments to the supply company, offered to read in evidence the deposition of one E. N. Grant, its former bookkeeper, taken at Los Angeles, California, on a commission issued in pursuance of a stipulation of the parties. The defendants objected to the reading of this deposition, on the ground that the commission was issued to C. C. Davis, a notary public, while the certificate attached to the deposition showed that it was taken before Charles C. Davis, commissioner, and did not show that he was a notary public or the party to whom the commission was issued. This objection was overruled, and such ruling is assigned as error. In our opinion, the objection came too late; it did not go to the relevancy or materiality of the testimony, or the competency of the witness, but to defects which could have been remedied by retaking the deposition or by an amendment to the certificate. In such case the objection to a deposition should be taken by a motion to suppress, or by some other appropriate proceeding prior to the trial. "A party should not be permitted to lie by," says SHERWOOD, J., "and lull his adversary into a sense of security by failure to file any motion to suppress his depositions, thus induce him to announce himself ready for trial, and then count on springing the question of some informality on him, for the first time, when he offers to read those depositions in evidence": *Delventhal* v. *Jones,* 53 Mo. 460. And in *Doane* v. *Glenn,* 88 U. S. (21 Wall. 33), it was held that an objection to a deposition on account of defects which might have been obviated by retaking it cannot be made on the trial, but must be noted when the de-

position is taken, or presented afterwards by motion
to suppress before the trial is begun. In this case the
court said: "The party taking a deposition is entitled
to have the question of its admissibility settled in ad-
vance. Good faith and due diligence are required on
both sides. When such objections, under the circum-
stances of this case, are withheld until the trial is in
progress, they must be regarded as waived, and the
deposition should be admitted in evidence. This is
demanded by the interests of justice. It is necessary
to prevent surprise and the sacrifice of substantial
rights. It subjects the other party to no hardship.
All that is expected of him is proper frankness." To
the same effect is Weeks on Depositions, § 440; 5 Am.
and Eng. Ency. of Law, 610, and authorities there
cited: *Howard* v. *Stilwell and Bierce Manufacturing Company,*
139 U. S, 199 (11 Sup. Ct. 500); *American Publishing Com-
pany* v. *C. E. Mayne Company,* 9 Utah, 318 (34 Pac. 247);
*Hill* v. *Smith,* 6 Tex. Civ. App. 312 (25 S. W. 1079). It
is true some authorities from California, cited by de-
fendants, hold otherwise, but on principle as well as
authority we are of the opinion that the rule as above
stated is not only sound, but eminently fair and just.

2.   Objection is also made to the ruling of the
court permitting the plaintiff to prove the contents of
a letter from itself to defendants by a copy thereof at-
tached to Grant's deposition, and by a press copy in
plaintiff's letter-book, in which letter defendant's were
notified to remit direct to plaintiff, and not through
the supply company. Before this evidence was ad-
mitted, it was shown that the original had been mailed
at Grants Pass, postage prepaid, directed to the de-
fendants at their usual postoffice address; that a notice
had been given them on January first, eighteen hun-

dred and ninety-four, the day before the trial, to produce the original; that they had failed to do so, and that the copy attached to Grant's deposition and the letter-press copy were identical in every respect, and exact copies of the original letter. Under these circumstances we think the evidence was properly admitted. It was the best evidence plaintiff could produce as to the contents of the letter.

3. The court below held that sufficient notice had been given defendants to produce the original. There is nothing here to indicate that such ruling was erroneous, and we are not advised of any rule of law which would render such a notice insufficient because it was given on a nonjudical day, except as it might affect the question of reasonable time.

4. Nor was there any error in allowing plaintiff judgment for costs. Where a judgment is modified on appeal to the circuit court, the question of costs is in the sound discretion of that court, and its decision will only be disturbed here ·in case of the abuse of such discretion: Hill's Code, § 552.

5. The allowance of mileage to the witness Kinney was in accordance with the rule announced by this court in *Crawford* v. *Abraham*, 2 Or. 163, which, so far as we are informed, has been uniformly approved and followed ever since it was announced in that case. The facts are that this witness traveled a total distance of five hundred and thirty-eight miles for the sole purpose of testifying in this case, and he was allowed fifty-three dollars and eighty cents therefor.

There was no error in submitting to the jury the question as to the right of the supply company to

receive payment on sales made by it for plaintiff.   Its authority depended upon controverted questions of fact growing out of the manner in which it had been held out to the defendants by the plaintiff, and these questions could only be determined by the jury.

AFFIRMED.

Decided October 21, 1895.