Decided July 27, 1896.

## FOSTER v. HENDERSON.

[45 Pac. 898.]

1. Amending Pleadings at Trial— Discretion of Court.—It must be considered settled in this state that it is discretionary with the trial court to permit or refuse amendments to pleadings where the issues are not changed, unless it appears that the appellant has been materially injured: *Baldock* v. *Atwood*, 21 Or. 79, and *Garrison* v. *Goodale*, 23 Or. 307, approved and followed.

2. Amendment of Answer.—Where, in an action to recover for services rendered, defendant pleads payment, it is not error to allow an amendment at the trial setting up a counterclaim for an overpayment.

3. Objections to Depositions.— Objections to the admission in evidence of depositions on grounds going only to the time or manner of taking the same must be presented by motion to suppress — objections of that kind will not be entertained at the trial: *Sugar Pine Lumber Company* v. *Garrett*, 28 Or. 168, approved and followed.

4. Construction of Contract.— A contract of employment, terminable at the option of either party on notice, provided that the employé should give his "entire time and ability" to his employer, for which he was to receive two hundred dollars per month "during the year, except the portion of said time that, through illness or any other cause, is not devoted to" the employer's interests, although, if he sold a certain amount of goods for the employer during the year, there was to be no reduction. *Held*, that where the employer terminated the contract during the year, before the employé had sold the required amount of goods, the employé could not claim compensation for time lost through sickness.

From Multnomah: Hartwell Hurley, Judge.

This is an action at law by J. M. Foster against C. M. Henderson and Company to recover money. The complaint contains five counts or separate causes of action. In the first it is alleged that on or about the twenty-first day of February, eighteen hundred and ninety-three, the plaintiff was employed by the defendant as a commercial traveler for the period

of one year, at the agreed compensation of two hundred dollars per month and traveling expenses; that he continued in such employment until the twenty-eighth of October, eighteen hundred and ninety-three, when the contract of hiring was terminated by the defendant in the manner provided therein; that for such services and traveling expenses the defendant became and was indebted to him in the sum of two thousand seven hundred and forty-six dollars and seventy-four cents, no part of which has been paid except the sum of two thousand four hundred and ninety-one dollars and eighty-five cents, leaving a balance of two hundred and fifty-four dollars and eighty-nine cents. For the second cause of action it is alleged that on or about October first, eighteen hundred and eighty-six, he was employed by the defendant as a commercial traveler, and was to receive for his services six per cent. on all *bona fide* sales made by him while in such employment; that between the first day of December, eighteen hundred and ninety-two, and the twenty-first of February, eighteen hundred and ninety-three, he sold for the defendant goods amounting in the aggregate to twenty-six thousand six hundred and sixty-two dollars and sixty cents; that his commission thereon was one thousand five hundred and ninety-nine dollars and seventy-five cents, no part of which has been paid except the sum of one thousand two hundred and eleven dollars and sixty-eight cents, leaving a balance due him of three hundred and eighty-eight dollars and seven cents. The other causes of action are not material to any question

presented on this appeal. The answer of the defendant, after specifically denying the material allegations of the complaint, sets out a copy of the contract referred to in the first cause of action, the part thereof material to this case being as follows: "J. M. Foster hereby agrees to devote his entire time and ability for one year from the twentieth day of February, eighteen hundred and ninety-three, to the twentieth day of February, eighteen hundred and ninety-four, to the interests of C. M. Henderson and Company, under their direction, as a salesman, in consideration of the compensation hereinafter named. Said C. M. Henderson and Company hereby agree to pay him two hundred dollars per month during said year, except the portion of said time that, through illness or any other cause, is not devoted to their interests, although, if he sells seventy thousand dollars' worth of leather goods for them during said time, then there is to be no reduction from said salary for loss of time.  *  *  *  This agreement may be canceled by either party at any time by giving fifteen days' notice." And for a further defense it is alleged that the contract was canceled and terminated on October first, eighteen hundred and ninety-three, in the manner provided therein, and that plaintiff had been paid in full the sums due him thereunder prior to the commencement of this action. As a defense to the second cause of action, the answer sets out the defendant's version of the contract of October first, eighteen hundred and eighty-six, the amount of sales made by the plaintiff thereunder, his compensation, and

alleges that the same had been fully paid prior to the commencement of this action. Issue being joined, the cause came on regularly for trial, but, before a jury was called, the defendant was allowed by the court, over plaintiff's objection and exception, to amend its answer by alleging as a counterclaim that in settling with the plaintiff for the services rendered under the contract of October first, eighteen hundred and eighty-six, it had overpaid him in the sum of one hundred and sixty-nine dollars and forty-four cents. After this amendment was allowed, a reply was filed, and the trial proceeded without objection from the plaintiff, resulting in a verdict and judgment in favor of defendant for the sum of one dollar, from which plaintiff appeals, and alleges error of the trial court (1) in allowing the amended answer to be filed; (2) in overruling his objections to the reading by the defendant of the depositions of certain witnesses taken in the City of Chicago, under a commission issued by the clerk of the Circuit Court of Multnomah County; (3) in instructing the jury that under the written contract of February twenty-first, eighteen hundred and ninety-three, plaintiff was not entitled to recover in this action compensation for any time which he lost through illness.                                      AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. A. King Wilson* and *Martin L. Pipes.*

For respondent there was a brief by *Messrs. Arthur C. Emmons,* and *Bronaugh, McArthur, Fenton*

*and Bronaugh,* with oral arguments by *Messrs. Em-
mons* and *William D. Fenton.*

Opinion by MR. JUSTICE BEAN.

1. No rule of law is better settled than that the
ruling of a trial court in allowing or refusing an
amendment of the character here under considera-
tion will not be reversed on appeal unless it ap-
pears affirmatively that there was a plain abuse of
discretion to the material injury of some substantial
right of the appellant: *Henderson* v. *Morris,* 5 Or. 24;
*Baldock* v. *Atwood,* 21 Or. 73 (26 Pac. 1058); *Garri-
son* v. *Goodale,* 23 Or. 307 (31 Pac. 709). There is
no such showing in this case. The amendment was
allowed before the trial, while there was yet ample
opportunity to protect the interests of the plaintiff
by a continuance if he was not then prepared to
meet the allegations of the answer as amended; and
no doubt an application for that purpose, if in fur-
therance of justice, would have been favorably con-
sidered by the trial court. But no such application
was made, and it is not claimed on the hearing
here that the plaintiff was in any way prejudiced
on the merits by the allowance of the amendment.

2. Nor is there any force in the contention that
the amendment is such a departure from the orig-
inal answer as to amount in effect to a new and
wholly different defense. It is true it sets up a
counterclaim not found in the original answer, but
it does not change the substantial controversy be-
tween the parties. The real gist of the action is

the amount due the plaintiff, if any, under his contract of hiring, and the amendment was germane thereto, and tendered an issue on a material fact arising out of the transactions which form the basis of plaintiff's action, and was therefore entirely proper.

3. The objections to the depositions were not made until the defendant offered to read them to the jury, and do not go to the competency of the witnesses or the admissibility of their testimony. It is claimed that the commission under which they were taken was not dated on the day the notice stated the application therefor would be made, but on the succeeding day, and that the party before whom they were taken designates himself in his certificate as a "commissioner of deeds," and not as one of the officers to whom the statute provides such commission may issue. These objections are formal rather than substantial, and should have been made by motion to suppress the depositions before the trial. The provisions of the statute as to notice, and the rank and character of the officers before whom depositions may be taken, are intended for the benefit of the party against whom the testimony is to be used, and if he, knowing of some informality in this respect, fails to move in the matter at a time when it might be remedied by retaking the depositions, or in some other manner, he ought not to be permitted to raise the objection at all. "If he may," says Mr. Justice STRONG, "he is allowed to avail himself of what is substantially a fraud. Par-

ties to suits at law may assert their rights to the
fullest extent; but neither the plaintiff nor a defend-
ant is at liberty to deceive, either actively or pas-
sively, his adversary, and a court whose province it
is to administer justice will take care that on the
trial of every cause neither party shall reap any ad-
vantage from his own fraud": *Shutte* v. *Thompson*,
82 U. S. (15 Wall.), 151. In that case it was ad-
mitted that the deposition was not taken in con-
formity to the act of congress, nor before the officer
designated therein; but it was held that the objec-
tion came too late when made at the trial for the
first time. In *Newton* v. *Porter*, 69 N. Y. 133, the
point was made that the commission under which a
deposition was taken was not executed by the per-
son to whom it was issued, and the court held the
objection was waived because not made until the
evidence taken under the commission was offered at
the trial. "It is," says the court, "we think, a
wholesome rule that objections to the execution of a
commission, where the party has an opportunity to
make them before the trial, should be raised by
motion, and if not raised in this way when such
opportunity exists, they should be deemed to have
been waived. Whether such an objection is to
formal defects merely, or, as in this case, goes to
the right of the person who executed the commis-
sion to act as commissioner, makes, we think, no
difference in the application of the rule, if the fact
of disqualification is known to the party who seeks
to exclude the evidence a sufficient time before the
trial to enable him to make his motion." To the

same effect is the ruling of this court in *Sugar Pine Lumber Company* v. *Garrett*, 28 Or. 168 (42 Pac. 129). Now, in the case before us, the commission was executed about six weeks before the trial; and, while it does not appear at what time it was returned to the clerk, the presumption, in the absence of anything to the contrary, is that it was so returned within a reasonable time after its execution, and that the plaintiff was advised, or could have advised himself, of the facts upon which his objections are founded before the trial commenced, so that they could have been presented by a motion to suppress, and thus have given the defendant an opportunity to correct the informality by retaking the depositions. The ruling of the trial court on this question is clearly in furtherance of justice, and supported by the authorities.

4. In our opinion there was no error in the instructions of the court that under the contract of February, eighteen hundred and ninety-three, plaintiff could not recover compensation for time lost through illness. By the terms of the contract it is agreed that plaintiff should devote "his entire time and ability" to the interests of the defendant, for which he was to be paid two hundred dollars per month "during the year, except the portion of said time that through illness or any other cause is not devoted to their interests, although, if he sells seventy thousand dollars' worth of leather goods them during said time, then there is to be duction from said salary for loss of time." By th

provision the time lost through illness or otherwise was not to be paid for unless plaintiff should make sales to the amount specified, and there is no allegation or claim that he did so. But it is said defendant exercised its option to terminate the contract before the expiration of the year, and thus deprived plaintiff of the opportunity to make the necessary sales. But defendant had a perfect right to terminate the contract at any time upon the requisite notice, and there is no stipulation therein that plaintiff should be allowed to make any designated amount of sales, or that he should have any longer time than the life of the contract in which to endeavor to do so. He was employed to sell goods at a stipulated salary for the term of one year, with a provision allowing the contract to be canceled by either party at any time upon fifteen days' notice, and when so terminated, all rights under it ceased, and plaintiff's compensation must be determined by the condition of affairs at that time. If he had sold seventy thousand dollars' worth of goods under the contract, he would be entitled to his salary of two hundred dollars per month, without regard to loss of time; but if he had not a deduction must be made for such loss. His compensation was specifically limited by the contract to the time actually devoted to the service of defendant, unless his sales amounted to the specified sum. This is the only condition upon which [sho]uld claim pay for time lost. If, therefore, for [rea]son he failed to make such sales, either because he was unable to do so, or because defendant

did not furnish the goods, or the contract was terminated by the voluntary act of the parties, or canceled in the manner provided therein, he is clearly not entitled, in an action for wages, to recover for time not devoted to the service of defendant. Finding no error in the record, the judgment of the court below is affirmed.                     AFFIRMED.