## CHARLESTON.

SHEPHERD *v.* SNODGRASS *et al.*

Submitted Sept. 12, 1899—Decided Nov. 28, 1899.

1. DEPOSITION—*Signature.*
    Though regular to have a witness to sign a deposition, yet its omission will not suppress the deposition. (p. 81).

2.  DEPOSITION—*Certification.*

> Though regular in depositions to state in the caption or closing certificate the names of the witnesses, yet its omission will not suppress the depositions, if it is certified in effect, in caption or certificate, that the depositions were duly taken, sworn to, etc., so as to identify them.  (p. 81).

3.  DEPOSITION—*Reading to Witness.*

> Depositions taken in shorthand by the stenographer, and afterwards written out in longhand by the stenographer, but not read to or by the witnesses after being written in longhand, if objected to, cannot be read, though the stenographer certifies that they were fully and truly written out by him in longhand in the words spoken by the witnesses.  (p. 81).

Appeal from circuit court, Wetzel County.

Bill by George W. Shepherd, committee of Martha L. Noland, and said Noland, against R. E. L. Snodgrass and others.   Decree for defendants, and plaintiff Shepherd appeals.

*Affirmed.*

ROBERT MCELDOWNEY and S. BRUCE HALL, for appellant.

C. A. SNODGRASS, and W. A. SNODGRASS, for appellees.

BRANNON, JUDGE.

This was a chancery suit in the circuit court of Wetzel County by George W. Shepherd, committee of Martha L. Noland, and said Noland, against R. E. L. Snodgrass and others, to annnul several deeds made bv Martha L. Noland, on the ground of her mental incompetency to make them, resulting in a decree dismissing the bill, from which the guardian has appealed.

The first question raised is want of jurisdiction, as, though Martha Noland was a co-plaintiff, she is not an appellant.   It seems to me that the committee can alone appeal.   Likely, though a committee has no legal title, he could sue alone to annul a deed of his *non compos,* under Code 1891, chapter 58, section 37, giving him the right to the possession of the estate of the *non compos* and to sue in respect to it: and more clearly still, where the *non compos* is a co-plaintiff, the committee may alone appeal by reason of his representative interest.   2 Enc. Pl. & Prac. 158, 161.

A question arises when we come to consider the appeal on its merits.   The appellant asks us to reverse the de-

cree because contrary to the evidence. When we take up the plaintiff's evidence, we find the depositions were excepted to by the defense; but the exceptions were overruled, and the defense cross assigns this as error. We must therefore determine whether we can read them to overthrow the decree. One ground of exception is that the positions are not signed by the witnesses. The notary certifies that the witnesses did give and swear to the depositions, and their signatures are not indispensable, though they ought to be there.   1. Bart. Ch. Prac. 741.

Another objection is that the captions or certificates to depositions do not insert the names of the witnesses. Why this departure from form and usage I do not see; but as the names of the witnesses appear at the head of each deposition, and the notary certifies that "the foregoing depositions of witnesses" were taken, etc., I conclude this will do.

The next exception is based on the fact that the depositions were taken in shorthand, and afterwards written out in longhand, and never seen by or read over to the witnesses in longhand, or signed by them. What is the effect of this mode of taking depositions?

They are not good. In *Moller* v, *U. S.* 6 C. C. A. 459, 57 Fed. 490, 13 U. S. App. 472, it was held by the circuit appellate court that depositions taken down in questions and answers by a stenographer, and not reduced to writing in the presence of the witness, nor read over to or by him, are not properly taken, and not admissible against the objection of either party. In *Re Cary* (D. C.) 9 Fed. 754, it was held that depositions taken by a stenographer before a register, and afterwards reduced to longhand, will be suppressed, if not read to and signed by the witness, according to general order ten, after they are written out. That order says, "that the depositions shall be taken down in writing by or under the direction of the witness, and signed by him in the presence of the register." But this I understand to be only general practice. In *Zehner* v. *Navigation Co.*, 41 Al. 464, 187 Pa. S. 487, it was held that "a deposition taken by a stenographer in shorthand, after being written out in longhand, must be scrutinized, assented to, and signed by the witness." The opinion says:

"It ought to be obvious to any one that depositions taken by a stenographer in shorthand must be fully written out in longhand, read by or to the witness, and assented to and signed by him." These requirements, or their full equivalents, are essential, and cannot be dispensed with. The so-called "depositions" offered in this case were wanting in nearly all of these essential particulars. Such a practice is exceedingly vicious and dangerous, and cannot be too severely condemned. It is true the "depositions," so called, were written out in longhand, but until they were scrutinized and assented to by the witnesses there could be no assurance that they were correct. I do not fail to see that in the first two cases the officer taking the depositions and the stenographers were different persons, whereas in this case they are the same; but that does not change the principle. The stenographer may mistake. If he wished to falsify, it is easily done, if he takes shorthand from the witness, and then, in his absence, write it in longhand. When written in longhand, the witness sees the deposition, reads it, amends it. The counsel of both sides see it, and know, when closed, just what it contains. But they know no more of shorthand than of Chinese or Sanscrit characters. The deposition has not received the final approval of the witness. He is entitled to a scrutiny of it. Both litignats are deeply interested that he shall have it. Any other process would be dangerous, in opening wide the door of mistake and fraud. I have not the Pennsylvania case before me, only extracts in a brief, but its general principles are correct, whether the notary and stenographer were the same or not. Our statute (Code, p. 1062) applies only to stenographers appointed by courts. No statute authorizes a stenographer to take a deposition in shorthand, and then merely longhand and certify it, as is the case in some states under statute. A question of some trouble would arise if the evidence, including those depositions, would reverse the decree, but not without them, and that question is whether we could read the defective depositions to reverse the decree. Ought we reject them and affirm, or through them reverse and remand, with leave to retake them? My own opinion is that such depositions cannot be read to reverse the decree. The party took the risk of submitting the case on them, and must be held to

know the law, and anticipate ultimate decisions as to the depositions. *Davis* v. *Brown*, 46 W. Va. 716, (34 S. E. 839). But it is not necessary to decide this point. If with those depoistions the decree cannot be reversed, it would be useless to retake them. I have finally concluded that such is the case. The object of this suit is to annul a deed on account of mental incompetency of its grantor. The law presumes competency, and it takes clear evidence to overthrow the presumption. *Delaplain* v. *Grubb*, 44 W. Va. 612, (30 S. E. 201.) There is a volume of conflicting evidence and differing opinions as to the capacity of Martha Noland, expert and nonexpert. Two physicians, who tested her capacity just after the execution of the deed, definitely assert her capacity. Other physicians, who knew her well, do likewise. The notary taking the acknowledgment, and two other witnesses present when it was taken, assert her capacity, and that is the crucial time of test, and such evidence is very forcible. *Delaplain* v. *Grubb, supra.*

And it is to be remarked, as weakening the plaintiff's case, that the evidence to attack the deed is largely mere opinion of nonexpert witnesses, which has been held to be nearly worthless, unless stating facts warranting such opinion. *Kerr* v. *Lunsford*, 31 W. Va. 659, (8 S. E. 493), 2 L. R. A. 668. These witnesses do not give facts very strong to sustain their opinion. On this mass of evidence different judges might come to different conclusions. At best, it is only matter of opinion. I have myself been indecisive in mind as to it. There is the decision of the circuit court, and we cannot reverse it, unless we can find its decision clearly wrong. When I reflect upon the legal principles above stated, and the conflict of evidence, I am quite decided that we must leave the cases as decided by the circuit court. Had that court decided otherwise, we would not reverse, but here are both the decision and the strong presumption of sanity to forbid reversal. Decree affirmed.

*Affirmed.*