Decided 13 June, 1904.

## OLIVER v. OREGON SUGAR CO.

[76 Pac. 1086.]

COMPETENCY OF EVIDENCE UNDER THE PLEADINGS.

1. Evidence on disputed points is competent; for instance, under an issue as to the accuracy of certain scales at the time certain articles were weighed on them, it is competent to ask a witness if he knows the condition of the scales at the time of the weighing and what the condition was.

TESTIMONY ON AN ADMITTED MATTER HARMLESS.

2. Evidence merely tending to prove an admitted allegation, while not proper, is harmless.

APPEAL—BILL OF EXCEPTIONS—SHOWING OF ERROR.

3. Alleged errors cannot be considered unless the facts in relation thereto appear in the bill of exceptions: to illustrate, an objection to a deposition because it was not taken in accordance with the stipulation of the parties, is not available on appeal unless the points of difference appear in the record.

DEPOSITIONS — OBJECTIONS AVAILABLE AT TRIAL.

4. Objections to a deposition going only to the time or manner of taking it must be made by a motion to suppress, and will not be considered unless made before trial.

PRESUMPTION AS TO TIME OF MAKING OBJECTIONS.

5. Where it appears merely that an objection was offered and overruled there is a presumption that it was made at the trial, though the objection is one that might have been made by a preliminary motion.

DISPUTED FACTS ARE FOR THE JURY.

6. Plaintiff sold beets to defendant by the ton, the beets being weighed in carload lots at defendant's factory on the railroad scales; and, a controversy arising as to the number of tons delivered, it was agreed, by way of settlement, that during the next season plaintiff should load specified cars in the same manner in which beets had been delivered before; that they should be weighed on corrected scales, and any difference in weight should be adjusted. *Held*, in an action for the price of beets delivered the first season, that it was a question for the jury whether a certain car furnished under the compromise agreement was intended by the parties to be used as a substitute for one of the cars specified in the agree ment.

From Union : ROBERT EAKIN, Judge.

This is an action by E. W. Oliver against the Oregon Sugar Company. In the year 1899 the plaintiff and Turner Oliver, who has since assigned his interest to the plaintiff, sold and delivered to the defendant 33 car loads of beets at a stipulated price per ton, and this action is brought to re- cover a balance alleged to be due thereon. The beets were shipped in U. P. steel cars, O. S. L. cars, and O. R. & N. cars, and were weighed in car-load lots at defendant's factory, on the scales of the railway company. After they had been manufactured into sugar a controversy arose as to the number of tons actually delivered, it being alleged that the scales upon which the cars had been weighed were inaccurate. As a basis for the settlement of such controversy, the following written agreement was entered into between the parties :

" This Agreement made and entered into this 2d day of February, A. D. 1900, between the Oregon Sugar Company (incorporated) at La Grande, Oregon, party of the

first part, and E. W. Oliver and Turner Oliver, parties of the second part, Witnesseth that,

Whereas a dispute has arisen and exists between said parties as to the weights of all beets delivered by said second parties to said first party in car-load lots during the season of 1899, on account of the inaccuracy of the railroad scales at the sugar factory of said first party; and

Whereas said parties have been unable heretofore to agree upon a basis for the settlement of the differences between them; it is now

Hereby Mutually Agreed by and between the parties hereto, that said first party will procure for said second party during the beet delivering season of 1900 the following cars, which were used in shipping beets to the sugar factory during the season of 1899, to wit: U. P. all steel car No. 81767, O. S. L. car No. 3725 and O. R. & N. car No. 1140, which cars shall be loaded by said second parties during the campaign of 1900 in the same manner as said cars were loaded during the campaign of 1899, viz.—loaded full, with the sides built up with rows of beets and rounded off as full as the cars will hold, and with the same number of wagon loads as they were respectively loaded with during the campaign of 1899, and that the wagon loads of beets so used in loading said cars shall be weighed by said second parties before loading same on the cars, and said car loads of beets shall be weighed on corrected scales at La Grande, said wagon-load weights being used in checking up with said car-load weights in determining the accuracy of such weights, and it is mutually agreed that such verified car-load weights shall be used as a basis for estimating the weights of all car loads of beets delivered at said sugar factory by said second parties during the season of 1899, and that said second parties shall be paid by said first party for any shortage such verified weights shall show to exist on account of the factory weights made in 1899, at the prices called for by the contract under which said beets were delivered in 1899, and that said first party will pay interest on such deferred payments from the time such purchase price would have been due in 1899, to the time when such

payment shall have been made in the campaign in 1900, at the rate of ten per cent per annum."

At the time the test cars referred to in the agreement were needed in 1900, neither the U. P. nor the O. S. L. car specified could be secured, but by agreement of the parties two others were substituted for them, and used in their places. The O. R. & N. car, however, was in the yard at La Grande. It was not used, and there is a conflict in the testimony as to the reason therefor. The plaintiff says that when he and the superintendent of the defendant went into the yard to look for the cars named in the compromise agreement, they found the O. R. & N. car only; that it was loaded with beets, and standing on the railway track along with other cars; that he told the superintendent that it did not matter to him whether the defendant furnished the particular cars specified in the contract, and, if it would furnish others of the same capacity, it would answer the purpose. The defendant's testimony, on the other hand, is to the effect that plaintiff refused to accept the O. R. & N. car because it was too small. A day or two later the defendant sent from La Grande to Alicel one U. P. car and one O. S. L. car, which plaintiff contends he loaded in the same manner as the cars were loaded the previous year, but the defendant refused to accept them as test cars on the ground that they were not properly loaded. The plaintiff had a verdict and judgment in the court below, and the defendant appeals. The assignments of error relate to the ruling of the court in the admission of testimony and its instructions to the jury.                                         AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John L. Rand* and *Mr. Leroy Lomax.*

For respondent there was a brief and an oral argument by *Mr. William M. Ramsey* and *Mr. Turner Oliver.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. The questions of fact on the trial were whether the O. S. L. car sent by the defendant to the plaintiff in 1900 to be loaded with beets was intended by the parties to be used as a substitute for the O. R. & N. car specified in the agreement, and whether the test cars were loaded in the same manner as cars of the same class were loaded the previous year. The admission of Turner Oliver's testimony as to the condition of the scales upon which the cars loaded with beets were weighed during the season of 1899 is assigned as error. The plaintiff alleges that the scales "were so grossly inaccurate and out of order that the weights made thereon were of no use in determining how many tons of beets were actually contained in said 33 car loads so delivered or any of them." This averment is denied by the answer, and the evidence objected to was therefore within the issues. It was competent also for the purpose of showing that the difference in the weight of the cars loaded with beets in 1899 and of the test cars in 1900 was due to a defect and inaccuracy in the scales, and not, as defendant would seem to contend, to the manner in which they were loaded.

2. It is said that the inaccuracy of the scales is admitted by the compromise agreement of 1900, and therefore the proof objected to was immaterial. The pleadings of neither party seem to have been framed on this theory, but, even if true, the admission of the testimony was harmless error.

3. The second assignment of error relates to the overruling of defendant's objection to the reading of the deposition of one Toinby. The objection is that the deposition was not taken "in compliance with the stipulation for taking the same," but in what respect it differed from the

45 OR.——6

stipulation cannot be ascertained from the bill of excep-
tions. Neither the deposition, nor any portion thereof, is
made a part of the record. The bill of exceptions con-
tains nothing but the objection, a statement that it was
overruled, and defendant's exceptions, together with what
appears to be a copy of a stipulation that the deposition
of the witness should be taken at any time previous to
March 15, 1903, before Benjamin Pope, a notary public
for the State of Illinois, residing at Duquoin, upon inter-
rogatories and cross-interrogatories attached. There is
nothing therefore in the bill of exceptions upon which to
base the assignment of error.

4. Objections to the admission in evidence of a deposition
on a ground going only to the time or manner of taking
the same must be presented by a motion to suppress, and
cannot be made for the first time at the trial: *Sugar Pine
Lum. Co.* v. *Garrett*, 28 Or. 168 (42 Pac. 129); *Foster* v.
*Henderson*, 29 Or. 210 (45 Pac. 899).

5. In the absence of a showing to the contrary, we must
assume, in support of the ruling of the court below, that
the objection in this case was of the character indicated.

6. The remaining assignments of error arise upon objec-
tions to instructions given, and are practically two — *first,*
in submitting to the jury the question as to whether the
O. S. L. test car furnished to the plaintiff by the defend-
ant in 1900 in pursuance of the compromise agreement
was intended by the parties to be used as a substitute for
the O. R. & N. car specified in the agreement; and, *sec-
ond*, in instructing the jury that if plaintiff loaded the
test cars "substantially in the same manner and with sub-
stantially the same number of wagon loads as they were
respectively loaded in 1899, viz., full, with the sides built
up with rows of beets, and rounded off as full as the cars
would hold," they should find for the plaintiff.

The ground for the first objection is that the instruc-

tion as given was outside the evidence. The entire testimony is attached to and made a part of the bill of exceptions; and, from the statement already made as to the evidence of the plaintiff and the defendant on this point, it is apparent that it was a disputed question, and therefore one properly for the jury. The plaintiff testifies that near the close of the beet season of 1900 he called at the factory of the defendant to see about the test cars, and that he and Mr. Stoddard, the defendant's superintendent, went out into the yard to look for them; that the O. R. & N. car was the only one they could find; that it was loaded with beets, and standing on the track with other cars similarly loaded; that he told Stoddard that it did not matter to him whether he received that particular car, and that, if he (Stoddard) could furnish other cars of the same capacity, it would be satisfactory; that he did not refuse to accept the car, and nothing was said at the time about its being small; that the next day Stoddard sent down, without any explanation, an O. S. L. car and a U. P. car to be loaded with beets, and they were so loaded; that the O. S. L. car was of about the same capacity as the O. R. & N. car named in the contract. This testimony is controverted in some respects by Stoddard, but it was sufficient to justify the court in submitting the question to the jury. The recital in the bill of exceptions that there was no evidence offered tending to show that there was any agreement between the plaintiff and the defendant that the test cars sent down should be used in lieu of the O. R. & N. car, other than the mere fact of sending them down, is, as defendant seeks to interpret it, a conclusion not warranted by the evidence. It was probably intended by the court as a statement that there was no evidence on that point other than that attached.

The other instruction complained of is within the rule announced on the former appeal of this case: 42 Or. 279

(70 Pac. 902). It was there said : "The controlling feature of the agreement is that the cars shall be loaded by the plaintiff in 1900 in substantially the same manner as they were loaded the previous year, in order that a fair, reasonable, and just basis may be obtained from which to ascertain the number of tons actually delivered in that year. This was the manifest object of the agreement, and it should be given such a construction as will accomplish the intention of the parties." This is not an action on the contract of 1900, and therefore the doctrine as to when a plaintiff may recover by proving substantial compliance with his contract has but little application. The action is for beets sold and delivered in 1899 under another contract. The agreement of February, 1900, was intended merely as a basis for settling a dispute as to the quantity of beets delivered. It provided, in effect, that the defendant should furnish plaintiff three cars during the beet season of 1900 — one each of the three classes of cars used in 1899 ; that plaintiff should load them in the same manner as they were loaded the previous year, and the weights thereof should be used as a basis for determining the dispute. The important question, then, was whether the cars loaded by the plaintiff in 1900 contained the same quantity of beets as similar cars loaded by him the previous year. The agreement says that they were to be loaded in the same manner and "with the same number of wagon loads," but contains no statement as to the size of a wagon load, or the quantity of beets which it contained. The mere loading with the same number of wagon loads, therefore, would furnish no satisfactory standard by which to determine whether the cars were loaded with the same quantity of beets. The question was not so much as to the number of wagon loads put upon the cars in 1900, as it was whether the cars, after they were loaded, contained substantially the same quantity of beets as the cars loaded

in 1899, and that question was, we think, fairly and clearly submitted to the jury.

It follows that the judgment of the court below must be affirmed, and it is so ordered.                          AFFIRMED.