---

# CHARLESTON.

## HARRY S. IRONS, TRUSTEE v. H. W. BIAS.

### Submitted October 24, 1922.   Decided October 31, 1922.

1.  DEPOSITIONS—*Unsigned Deposition Taken in Shorthand, Transcribed and Certified, Admissible.*

    A deposition not signed by the witness is admissible in evidence, if taken in shorthand, transcribed in the English language and certified in conformity with the requirements of sec. 33, of ch. 130 of the Code, by virtue of that statute; but it is not admissible unless it is so certified, if objection thereto is made in due time and in proper manner.   (p. 239).

2.  SAME—*When Transcribed by a Person Other than Officer Before Whom Taken, Certificate Must Show Transcription Under His Direction.*

    If a deposition is written in shorthand and transcribed by a person other than the officer before whom it is taken, such officer must certify, in addition to other facts he is required to certify, that it was taken in stenographic notes and transcribed under his direction and supervision.   (p. 239).

3.  SAME—*Omission in Certificate to Deposition May be Supplied by Amendment.*

An omission of a necessary fact from the certificate to a deposition properly taken may be supplied by amendment, and, if such certificate is amended, the deposition has all the virtue it would have had, if it had been properly certified before it was filed.  (p. 240).

4.  SAME—*Motion to Suppress Deposition, Made for First Time on Trial, Too Late.*

Failure to move the court to suppress a deposition, before the trial of the case in which it is filed, when the infirmity therein is other than incompetency of the witness or irrelevancy of his testimony, operates as a waiver of the defect for which it might have been suppressed, in the absence of an an amendment curing such defect, and an objection to the admission thereof, based thereon, brought to the attention of the court, for the first time, in the trial of the case, upon the offer to introduce the deposition in evidence, comes too late and is unavailing.  (p. 242).

Error to Circuit Court, Cabell County.

Action by Harry S. Irons, trustee, against H. W. Bias. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Daugherty & Young,* for plaintiff in error.
*Livezey & McNeer,* for defendant in error.

POFFENBARGER, PRESIDENT:

An adverse ruling upon an objection to the admission of a deposition in evidence constitutes the basis of all of the assignments of error set forth in this case.  Presumptively, it was the sole ground of the motion to set aside the verdict, since no other is urged here, for reversal of the judgment.

The action was assumpsit by the trustee appointed in a bankruptcy proceeding against A. R. Stacy, for recovery from the defendant, H. W. Bias, of $3,316.00 in money and the value of certain other property, alleged to have been received from Stacy and retained by him, in fraud of Stacy's creditors and by way of preference over them, in violation of the bankruptcy statute.  Defense was made upon the ground of payment of the money upon *bona fide* indebted-

ness to the defendant and exchange of the other property between him and Stacy, without notice of the insolvency of the latter. Upon the evidence, the sufficiency of which to sustain the verdict is not questioned, two instructions given at the instance of the plaintiff, of which no complaint is made here, and an instruction given at the request of the defendant, the jury returned a verdict in favor of the plaintiff, for the sum of $3,979.30.

The deposition in question is that of Stacy's wife, taken by a notary public, in the State of North Carolina, in April 1921, and certified on the 28th day of that month. It was no doubt transmitted to the clerk of the Circuit Court of Cabell County under seal, immediately after it was transcribed from the stenographic notes. The trial in this case occurred September 15, 1921, the jury having been impaneled in the evening of the preceding day, and no objection was made to the deposition, until late in the evening of September 13, 1921, when it was brought to the attention of opposing counsel only. Upon the offer thereof in evidence, objection to its introduction was interposed upon the grounds, of lack of the signature of the deponent and variance of the deposition, as written, from the testimony of the witness as given before the notary, the latter contention being founded upon her affidavit made September 3, 1921, and saying she had, on that day, read the deposition, for the first time and upon her first opportunity to do so, and found it incorrect. In what respect or to what extent it is incorrect, the affidavit does not indicate.

That the statute, sec 33 of ch. 130 of the Code authorizes omission of the signature of the witness, in the case of a deposition taken in shorthand and certified in the manner therein prescribed, is admitted; but the notary's certificate is assailed on the ground of insufficiency, and validity of the unsigned deposition denied, in view of the alleged defect in the certificate. In other words, admissibility of an unsigned, but properly certified, deposition is conceded and admissibility of an unsigned, but insufficiently certified deposition, denied. This deposition was taken by B. T. Woodall, notary

public, but the writing was done by C. W. Stevens, in steno-
graphic notes and then transcribed in the English language
by him, after he had been sworn by the notary to take cor-
rectly and accurately transcribe the evidence, all of which is
certified by the notary. The objection is that the notary does
not certify that the stenographic characters and notes were
correctly taken and accurately transcribed, "under his direc-
tion and supervision."

The objection to the certificate is well taken. The last
clause of the section in question, requiring the officer before
whom the deposition is taken, to certify that another person
taking it in shorthand was sworn correctly to take and accu-
rately to transcribe it, is not a substitute for the preceding
clause. It merely requires certification of a further or addi-
tional fact. To hold otherwise would ignore the phrase in
the preceding clause, "or under his direction and super-
vision," for that phrase can have no application or operation,
when the officer himself does the writing. Under the rules
of interpretation, some force and effect must be allowed it.
This construction is further fortified by the context. The
section provides, in the first place, that depositions may be
taken in shorthand, without saying who may do the writing.
Then it provides for the case in which the officer does it,
and requires him to certify that he did it correctly and ac-
curately. In this connection, it drops in the phrase for certi-
fication of correctness and accuracy of work done under his
supervision, which can have no application to work done by
himself. Finally, it requires him to certify, in the case of
the actual writing by a person other than himself, that he
swore the person who did the writing, and that is the only
case in which the phrase in question can apply. If not used
there it is inoperative, for there is no other case in which it
can have any reasonable or efficacious operation. It cannot
be assumed that the Legislature intended an undue and un-
necessary relaxation of the sanctions under which courts are
to receive evidence. In the requirement that depositions be
taken before certain classes of officers, there is perceived a
manifestation of legislative intent that such officers shall

perform an important function. It cannot be supposed that mere formality was intended. The construction upon which this certificate is based would relieve the officer of all duty except the swearing of the witness and the stenographer and certification of those facts and the fact that the deposition was taken before him, at the proper time and place. He would not be required to listen to the testimony or take any precautions against errors on the part of the stenographer, in taking down the evidence or transcribing it. A corrupt stenographer, could falsify the evidence, without his knowledge, under circumstances enabling him to detect the fraud, if careful and vigilant. The vice of the construction is that it relieves the officer from duty to exercise any care or vigilance for prevention of error and fraud. Intention unnecessarily to open the door to the possibility of the grave wrongs that might result from approval of this certificate cannot be imputed to the Legislature, in the absence of words clearly expressing it, and they are not found in this statute. The notary certifies only that he is a duly qualified notary, that he swore the witness, that her deposition was taken by and before him, that C. W. Stevens took it in shorthand and transcribed it, that he swore Stevens correctly to take and accurately to transcribe it, that it was taken at the time and place designated in the notice and that he was not disqualified by interest or relationship. No charge of error or corruption in the taking of the deposition is to be inferred from this condemnation of the certificate. As to that, we enter upon no inquiry. The statute is construed here, not for this case alone, but for all others as well. As the certificate does not conform to the statute and the deposition itself is not signed by the witness, it was inadmissible under the rule enunciated in *Shepherd* v. *Snodgrass*, 47 W. Va. 79, unless the defect was waived or cured by the delay in the objection made to it.

If the deposition was properly taken, the certificate, on objection, could have been amended. *Borders* v. *Barber*, 81 Mo. 636; *Fosdick* v. *Bullock*, 12 Hun. 200; *Saunders* v. *Erwin*, 2 How. (Miss.) 732; 6 Ency. Ev. 483. If amended, the statute would then have been compiled with. The deposition

would then have stood as if the certificate had been properly worded, when filed. An allowable and effective amendment always cures the defect as to which it is made. That is its office. If this certificate had been amended, the deposition would have been admissible without the signature, by force of the statute, and the objection for lack of the signature would have been unavailing. Obviously, the defeat may be in the certificate only. If it is, the delay in the interposition of the objection is fatal. To be availing, it should have been made before trial, so as to allow an opportunity for correction of the defect by amendment. The mere insertion of the omitted phrase in the certificate or the writing of a new certificate in correct form, in accordance with the truth, is so simple and just in its nature, that no authority need be cited for the proposition that denial of opportunity to have it done in time for the trial of the case, by reason of delay in the objection, waives the defect.

The doctrine of waiver, as applied to depositions, goes much beyond that. A motion to suppress is the usual mode of objection to a deposition in its entirety. *Blackburn* v. *Crawford,* 3 Wall. (U. S.) 175; *Bibb* v. *Allen,* 149 U. S. 481; *Mosier* v. *Knox College,* 32 Ill. 155; *Johnson* v. *Chicago R. I. & P. R. Co.,* 51 Ia. 25; *Watson* v. *Melchor,* 42 Mich. 477; *American Pub. Co.* v. *C. E. Mayne Co.,* 9 Utah 318; 6 Ency. Ev. 561. Orderly procedure requires such motion to be made before trial, to the end that the defect may be corrected by amendment or the retaking of the deposition; and, in almost all jurisdictions, failure to make it before trial works a waiver, by virtue of statutes or the common law as judicially declared, unless the objection is based upon incompetency of the witness or irrelevancy of the evidence. In these two cases, the reason of the rule fails and it ceases, because the depositions are incurably defective and the party offering them is not injured by the delay. In the absence of a statute, failure to move to suppress before trial waives the defeat, except in the two instances just mentioned. *Cabell Co.* v. *Mathers,* 72 W. Va. 807; *Supply etc. Co.* v. *Consolidated etc.*

*Co.,* 42 W. Va. 583; *Doane* v. *Glenn,* 21 Wall (U. S.) 52;
*Howard* v. *Manufacturing Co.,* 139 U. S. 199; *Shutte* v.
*Thompson,* 82 U. S. 151; *Sugar Pine Lumber Co.* v. *Garrett,*
28 Or. 168; *Newton* v. *Porter,* 69 N. Y. 133; *Foster* v. *Hender-
son,* 29 Or. 210; *Cowan* v. *Ladd,* 2 O. St. 322; *Ash* v. *Barlow,*
20 O. Rep. 127; *Murray* v. *Larabie,* 8 Mon. 208; *American
Pub. Co.* v. *C. E. Mayne Co.,* 9 Utah 318. There are a few
holdings to the contrary, but they are contrary to a clear
weight of authority as well as reason.

In this instance, the witness is not incompetent, her evi-
dence is relevant and the certificate was amendable, if incor-
rect in its omission of the statutory phrase to which reference
has been made. If the deposition was properly taken, only
amendment of the certificate would have been necessary. If
it was not, the deposition could have been retaken and the
errors in it, if any, corrected. No objection on either ground
was brought to the attention of the court, until the deposi-
tion was offered in evidence. Under the authorities above
referred to, the defects were waived by delay. This conclu-
sion apparently conflicts with the ruling in *Shepherd* v. *Snod-
grass,* 47 W. Va. 79; but it is to be observed, that the doc-
trine of waiver was not examined in that case, and also that
the deposition would not have had any appreciable weight,
under the circumstances disclosed, if it had been admissible;
wherefore the court stopped with its conclusion that the depo-
sition was defective. If it had gone further and reversed
the decree and a petition for rehearing had been filed, invok-
ing the doctrine of waiver, it might have been held to be
applicable. We do not regard the decision in that case as
a deliberate holding against the views and conclusion here
expressed.

Neither in the petition nor in argument, is any ruling as
to the admission of evidence, except the one dealing with
the objection to the deposition in its entirety, made the sub-
ject of an assignment of error, formally or informally. The
court will not search through the certificate of evidence, for

erroneous rulings upon objections to evidence, not in any way pointed out.

Seeing no error in the judgment, we will affirm it.

*Affirmed.*