JOSEPH G. WILSON,

PAINE P. PRIM,

R. WILLIAMS, *Clerk.*

---

CRAWFORD, Respondent, *v.* S. ABRAHAM and H. ABRAHAM, Appellants.

*Appeal from Douglas County.*

Rules governing practice in the courts in reference to claims for disbursements in causes:

1. Mileage—What the limit.
2. Means for procuring attendance of witnesses.
3. Mileage and attendance must be actual.
4. Disbursements must be real.
5. Verification.
6. Mileage within the State—When objected to.
7. Number of claims for mileage and attendance.

In the cases of *Crawford* v. *S. Abraham*, and of *Crawford* v. *H. Abraham*, at the October term, 1865, of the Circuit Court for Douglas county, judgments of nonsuit were taken. In each case a bill of disbursements was filed, specifying the mileage and attendance, severally, of numerous witnesses. The verifications are the same, except the name of the

---
Crawford *v.* Abraham.
---

affiant, and are in these words: "—— ——, being duly sworn, says that the above amount of disbursements, except the fees of officers, is just and correct; and that the said disbursements were necessary for his defense in the above action, as he is informed and believes. —— ——." Plaintiff filed objections to certain items in each of said bills, specifying those items of attendance and mileage of witnesses, and stated, as the reason, " that said witnesses were not subpœnaed or sworn in said cause," and to the claims of three witnesses for mileage, objection was made, for the reason that, being served with subpœna at the place of trial, they could not claim for more than two miles each. One of these latter lived at Folsom, California, and the others at great distances from Roseburg, the place of trial. Subpœnas were issued but in one case, and to the mileage and attendance of those witnesses no objection was made, except to the mileage of the three witnesses above. The clerk, under. the Code, allowed in one case $403.30, and in the other $433.90. Additional affidavits of L. F. Mosher and J. F. Gazely, Esqs., counsel for defendants, were filed below, stating substantially that the whole of the witnesses were necessary for the defense, and as to the correctness of the mileage charged generally. The original bill of disbursements and proofs had been lost, and. upon supplied papers, the judge below, on appeal made, allowed in one case $6.60, and in the other $128.30. Defendants appealed. The causes being similar are consolidated here, both for argument and opinion.

*W. R. Willis, Esq.*, for respondent, claims that no other affidavits can be used on appeal than were before the clerk, and cites 11 *How. Pr. R.*, 160; 16 *Ib.*, 91; *How., N. Y. Code*, 578. That affidavits to justify the clerk in allowing witness' fees must state the actual time spent in attendance, and mileage actually traveled, for the express purpose of being witnesses, citing additional, 5 *How. Pr. R.*, 458; 4 *Hill*, 595, 6; 6 *Hill*, 376.

*Mosher & Dowell*, for appellants, claimed errors by the court below, in refusing mileage and attendance for witnesses attending at request of defendants; in refusing mileage of witnesses residing beyond the reach of process, but attending at request of defendants. Counsel claimed first allowance under *section* 543, *page* 288, *of the Code*, that a subpœna is only necessary as determining what witnesses had been summoned, but of no moment when attendance was not denied. That when the personal attendance of a witness is necessary, the party has a right to have him present and to recover at least legal fees, citing 1 *Greenleaf Ev.*, *sections* 320, 323; *U. S. An. Dig.*, *vol.* 1, *page* 140.

WILSON, J. Questions of taxation of costs and allowance of disbursements are of interest to attorneys and clients, and especially so since the Code of Oregon is of recent date. The disposition of these must, to some extent, be arbitrary, as fixing a rule of practice, yet not without reason therefor.

1st. Mileage will not be allowed for witnesses beyond the boundaries of the State.

This is the New York rule, based upon a similar statute, and is one whose utility we do not question. Ample means are provided for the continuance of causes in the absence of witnesses, in order to procure material evidence; and liberal statutes provide for taking the depositions of witnesses residing without the State. The rule may now and then work a hardship, but it would open the door to incalculable evils to hold otherwise. Litigation would cease to protect the poor man, who, as plaintiff, might fail of his rights; or, as defendant, unfortunate by reason of his poverty, could be crushed by claims for mileage of witnesses, whose testimony might have been taken at small expense, but who, under unlimited license for mileage, are permitted to seek pleasure or accomplish other aims under guise as material witnesses. It would furnish evil minded litigants with means for ample revenge in heaping up cost bills.

2d. The attendance of witnesses may be procured by request of parties, or by agreement; and the party so liable may recover disbursements for proper mileage and attendance.

The statutory means of compelling the attendance of witnesses is by subpoena duly served; but we are at a loss to see how any party can be injured in having to pay mileage and attendance merely for the witnesses of an adversary, who attends upon request or agreement, when the additional expense of officers' fees and mileage for issuing and serving of a subpoena, swelling largely the claim for disbursements, could do no more than procure the attendance of the witness.

3d. The claim for disbursements must be for the number of miles actually traveled, and the number of days in actual attendance, as a *witness only*.

If one come upon other business, or be detained at court upon other matters than his relations as a witness, he should not have a claim for attendance as a witness; he is not deprived of any time thereby or caused any damage. Suppose an attorney conducts a cause and is subpoenaed as a witness therein, it is necessary for him to attend court, to travel from his home to see to his client's interests, for which he is paid, and we think he should not have additional fees as a witness.

4th. The bill filed for disbursements should contain no item which the claimant has not either *paid* or is *liable* to pay, and the items should be specifically set out.

If a witness make no charge for his mileage or attendance, or performs those duties for some other reasons, surely one party ought not to recover for alleged expenditures he has never incurred, or from which he has been released, and replenish his purse by receiving money for another which was never claimed by that other person as due to him.

5th. The verification to a bill for disbursements, in the first instance, should be as specific and formal as is the verification to a pleading.

Under *section* 546 *of the Code*, we think that is sufficient;

made with the same accuracy as is required of the different persons who may verify a pleading. When objections have been specially made to any or all the items claimed, then it would be proper, if within the power of the claimant, to make full showing as to the materiality of the witness, his travel and attendance as such; this showing should be in the form of an amended verification, and we announce it as a rule of practice that no other affidavits will be allowed. The verification and its amendment will constitute the proofs. It is enough to call an affiant's attention to the particular items objected to, and then common honesty, or the fear of committing perjury, will prompt that person to make a true showing.

6th. Mileage will be allowed, of course, to witnesses residing beyond the reach of ordinary subpœna within the State, unless objection is made thereto, in which case a showing must be made to sustain that item, equivalent to that which is necessary under *section* 785 *of the Code*, to procure a special subpœna. It would certainly be better for a party to pay such single mileage for a witness, than to force a party to procure a special subpœna, and thereby incur, under section 785, the liability to pay double mileage and attendance.

7th. In two or more cases between the same parties, at the same term, a witness would be allowed but single mileage and attendance; and the attendance in each successive case would reach back only to the final disposition of the preceding cause.

Applying these rules to the case in hand, objections were made to mileage and attendance, sufficiently specific, and additional affidavits were filed; but, permitting them now to be considered, no such case is made out as would comply with even the spirit of our rulings. The witnesses are claimed to have been necessary for the defense, but their materiality is in no wise shown; their residence is mentioned, but no averment that they traveled a single mile as witnesses; general attendance is averred, but neither actual attendance or attendance as witnesses *only* is claimed, and the case is left

but little better than it was upon the original verification. The findings and allowances of the court below are not set forth by items and it is difficult for us to determine the items admitted sufficiently to serve as a basis for a judgment here; but plaintiff below admits that the finding of the circuit judge is proper, and we shall, therefore, affirm that

Judgment affirmed.