[Filed May 26, 1886.]

# ROBERT SARGENT *v.* UMATILLA COUNTY.

CRIMINAL LAW—WITNESS—FEES AND MILEAGE.—A witness attending on the trial of a criminal case, in obedience to a subpœna, from a point outside the county, and more than thirty miles distant from the place of trial, is entitled to only two dollars a day, and mileage at the rate of ten cents a mile.

SAME—CONSTRUCTION OF STATUTE.—Section 785 of the Civil Code providing for double mileage to witnesses in certain cases does not apply to criminal causes.

UMATILLA COUNTY. Defendant appeals. Reversed.

*L. B. Cox*, for Appellant.

*George G. Bingham* and *William M. Ramsey*, for Respondent.

THAYER, J.   The respondent commenced an action in the Circuit Court for the county of Umatilla against said county to recover money as witness fees.   He alleged in his complaint, in substance, that a criminal action was theretofore pending in said court upon indictment against James W. Wilson, and that one George M. Lakin, a resident of Lane County, was subpœnaed as a witness therein on behalf of the said Wilson; that he attended the court as such witness twenty-two days, and gave testimony at the trial; that he traveled, in going and returning from his place of residence to the place of trial, a distance of 770 miles; that he made out a claim for his fees as such witness, in which he charged four dollars a day for one day's attendance, and two dollars a day for the remaining twenty-one days, and mileage at the rate of twenty cents a mile for the whole distance traveled, amounting in all to the sum of $200; and that the clerk of said court made a certificate and entry of said claim in the witness-fee book kept by him for that purpose; that said witness duly assigned to the respondent his said claim, who thereupon became the owner thereof; that at the January term, 1886, of the County Court for said county of Umatilla, then sitting to transact county business, the said claim was duly presented for allowance, and that said county court refused to allow any more of it than $121, and that there still remained due the respondent seventy-nine dollars, for which he claimed judgment.   The appellant's attorneys interposed a demurrer to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action.   The Circuit Court overruled the demurrer, whereupon said attorneys filed an answer to the effect that the County Court duly audited the said claim and allowed all that the said witness was entitled to; that it ordered its clerk to issue to the respondent in

payment thereof a county order for the sum of $121, which was afterwards duly issued and delivered to the respondent in full payment and satisfaction of said claim.    The respondent demurred to the answer, and the court sustained it, and gave judgment for said sum of seventy-nine dollars, from which judgment the appellant has appealed to this court.

It appears that the counsel for the parties are only desirous of a construction of the statute in reference to the fees of witnesses in criminal cases, where they have been compelled to attend from another county than that in which the action is tried.    The appellant's counsel contends that witnesses, in all cases in criminal actions, are only entitled to one rate of fees, which is prescribed in chapter 20 of Miscellaneous Laws; while the respondent's counsel contends that as witnesses brought from another county in civil cases are entitled to double fees and mileage, they ought to be allowed the same rate in criminal cases.

Section 785 of the Civil Code provides that a witness shall not be required to attend at a place outside of the county in which he resides, unless his residence be within twenty miles of such place of trial, except that in an action, suit, or proceeding pending in a court of record, the court or judge thereof, upon a proper showing, may order his attendance by an indorsement upon the subpœna, and that the service of such subpœna and order, and payment of double fees to the witness, shall be sufficient to require his attendance, if he be served within the state.    Sections 306 and 307 of the Criminal Code provide, in effect, that subpœnas can be issued to witnesses within the state, but those sections were amended at the last general session of the legislative assembly, by limiting the number to five, unless the court or judge thereof, for good cause shown, make an order allowing

subpœnas for a greater number.  And it was further
provided by the amendment that any defendant might
have subpœnas issued for any number of witnesses, at
his own expense, without an order of the court.  (Ses-
sion Laws of 1885, pp. 129, 130.)  These sections, however,
as they originally stood, and I think as amended, are
qualified by sections 312 and 313, Criminal Code, which
provide that a person shall not be obliged to attend as a
witness in such cases out of the county where he resides
or is served with subpœna, unless his residence is within
thirty miles of the place of holding the court which ʻ he
is required to attend, except upon a special showing, and
an indorsement being made by the judge or clerk of the
court, of an order upon the subpœna requiring his at-
tendance, in which case he must attend, if served within
the state.  It appears that a number of the sections of
the Civil Code are made applicable to the Criminal Code,
but said section 785 is not included among them.  And
it is not contended that there is any provision of the
Criminal Code that allows a witness anything beyond the
ordinary fees provided in the said chapter 20, Miscella-
neous Laws.

The respondent has no ground to stand upon in the
case, except to claim that the legislature must have in-
tended that a witness required to attend from another
county should have the same fees in a criminal as in a
civil case; but it seems to me that if the legislature had
so intended, it would have provided therefor expressly.
The respondent's counsel seem to lay a good deal of
stress upon the clause in the constitution which provides
"that the particular services of any man shall not be de-
manded without just compensation;" but it must be
remembered that the said witness was subpœnaed upon
the part of the defendant in the action.  I think it is
optional with the legislature whether it will require

counties to pay witnesses in such cases, whatever the rule might be in case the witness were subpœnaed upon the part of the state. In any event, the legislature is the proper judge to determine what is reasonable compensation, and if it intended that only single fees should be allowed, the court would have no power to increase them. I think it apparent from an examination of legislative proceedings upon the subject, that it was never intended to allow a witness in a criminal action double fees, although required to attend from another county. There is nothing in the statute indicating it, nor any reason for claiming it. The amount of fees allowed Lakin by the County Court was a reasonable compensation. Ten cents a mile for travel, and two dollars a day for attending upon the court, were sufficient to indemnify him. It would afford no profit, nor should be expected to. A witness ought to be sufficiently interested in the cause of justice to give his time in attending upon a court in such a case for a moderate remuneration, and it would be highly impolitic to allow any more than that. It would be offering a bounty to witnesses, and tend to induce recklessness.

The judgment appealed from should be reversed, and the action dismissed.