Decided 15 August, 1901.

### BURROWS v. BALFOUR.

[ 65 Pac. 1062.]

ATTENDANCE OF WITNESS—SUFFICIENCY OF AFFIDAVIT.

1. Under Hill's Ann. Laws, § 795, providing that on the affidavit of a party, showing that the testimony of a witness residing outside the county is material, and his oral examination important, the court may indorse on the subpœna an order for his attendance, an affidavit that follows the statute and satisfies the court is sufficient, as against any objections that can be made in settling the taxable costs and disbursements.

IDEM.

2. Under Hill's Ann. Laws, § 795, providing that, on the affidavit of a party showing that the testimony of a witness residing outside the county is material, the court may order his attendance, in an action to recover a payment on certain property because of failure of title, an affidavit for a witness residing outside the county, averring that such witness would testify that, prior to the purchase, he told plaintiff of the true state of the title, is a sufficient showing as to materiality.

WITNESS—ATTENDANCE FROM ANOTHER COUNTY—FEES.

3. Under Sections 792 and 795 of Hill's Ann. Laws, a witness who is required to attend a trial in a county other than the one in which he resides or is served with a subpœna, and more than twenty miles from the place where he resides or is found is entitled to double mileage as well as double per diem, since the word "fees" in both sections includes the mileage and per diem.

For Multnomah : ARTHUR L. FRAZER, Judge.

Action by C. E. Burrows and others against Robert Balfour and others.   From a judgment affirming the clerk's decision on motion to retax costs, defendants appeal.                                     REVERSED.

*Mr. Francis D. Chamberlain*, for appellants.

*Messrs. Dell Stuart, Frank D. Grant,* and *Robinson & Cole,* for respondents.

MR. CHIEF JUSTICE BEAN delivered the opinion.

On April 6, 1899, the defendants recovered judgment for their costs and disbursements in an action brought against them by the plaintiffs in the circuit court for Multnomah County.   Within five days thereafter they filed a cost bill, containing, among other items, a claim for mileage of George F. Porter, who attended as a witness by special order of the court, traveling from Baker City to Portland and return, seven hundred and fourteen miles, at twenty cents a mile, amounting to $142.80. Objections being made to the allowance of this item, an amended verified statement was filed by the defendants. The clerk thereupon decided that they were entitled to recover only single mileage for this witness, and on a motion to retax the costs, his decision was affirmed by the circuit court.   It appears from the cost bill, the amended verified statement, and the findings of fact that the action brought by plaintiffs against defendants was to recover $2,000, which they paid for certain property in Baker

City, the title to which failed, and which they allege they purchased without knowledge of the defect, relying on the defendants' representations that they had good title and a right to sell. After the case had been noted for trial, the defendants applied to the circuit court for an order requiring the personal attendance of the witness Porter, who resided at Baker City, and whom they represented to be a material witness in their behalf, supporting their application by the affidavit of their counsel, stating "that one of the issues of said case is, did the plaintiff C. E. Burrows know of the condition of defendants' title to the property mentioned in the complaint at the time the plaintiffs bought said property of the defendants; that George F. Porter talked with said Burrows a short time prior to the purchase of said property by plaintiffs from defendants, and that said Porter will testify that said Burrows knew before plaintiffs bought the property of at least several of the objections which plaintiffs now make to defendants' title to said property; that said Porter is a resident of Baker City, Oregon, and is now living at Baker City; that the testimony of said Porter is material, and his oral testimony is important and desirable on behalf of the defendants." Based upon this affidavit, the court indorsed upon the subpœna issued for the witness a finding that his testimony "is material in this case, and his oral examination important and desirable," and ordered that he attend the trial as required by the subpœna, "on the payment of his legal fees, being double the ordinary fees." A few days later the witness was served with the subpœna and order at Baker City, paid double mileage to Portland and return, and traveled from Baker City to Portland, for the sole purpose of testifying as a witness, where, if plaintiffs had not taken a voluntary nonsuit, he would have testified that "prior to the purchase of said property by plaintiffs he talked with

the plaintiff Burrows, who was the only one of the plain-
tiffs with whom defendants negotiated in regard to the
sale of the property, as to the condition of defendants'
title, and told him of the true state of said title, and that
said Burrows before purchasing well knew the condition
of said title.''

The principal question on this appeal is whether a wit-
ness residing within the state, but without the county,
and more than twenty miles from the place of trial, is
entitled to double mileage, when required by an order of
the court to attend for oral examination.    Preliminary to
the consideration of this question, however, it is neces-
sary to dispose of some other objections to the claim.

1.   It is insisted that the affidavit upon which the
order was based is insufficient, because it does not state
in detail what was expected to be proved by the witness,
or present any facts showing that his oral examination
was important or desirable.    The statute provides that
a witness is not obliged to attend for oral examination at
a place outside of the county in which he resides, or in
which he may be served with a subpœna, unless his resi-
dence be within twenty miles of the place of trial, except
that, in an action pending in a court of record, the court
or judge thereof, upon the affidavit of the party, or some
one on his behalf, showing that the testimony of the wit-
ness is material, and his oral examination important and
desirable, may indorse upon the subpœna an order for
the attendance of the witness ; the service of such sub-
pœna and order, and the payment of double fees to the
witness, are sufficient to require his attendance, if he be
served within the state :  Hill's Ann. Laws, § 795.    The
process by which the attendance of a witness is secured
is a subpœna issued by the clerk ; and this is sufficient
to require his attendance, if properly served in the county

in which he is required to attend for examination, or at any place within the state, if not more than twenty miles of the place of trial. But, when the personal attendance of a witness residing beyond these limits is required, it can only be procured by the service of a subpœna bearing the indorsement of an order by the court or judge thereof requiring his attendance. The basis of this order is an affidavit of the party, or some one on his behalf, showing that the testimony of the witness is material and his oral examination is important; and, in our opinion, when such affidavit follows the language of the statute, the sufficiency of the order based thereon can not be questioned by the losing party in the litigation, upon objections to a cost bill. The affidavit is made for the information of the court, and, if it is sufficient to satisfy the court or judge of the necessity or desirability of ordering the attendance of a witness residing beyond the reach of an ordinary subpœna, the conclusion or judgment can not be challenged in a proceeding of this character.

2. It is also contended that the amended verified statement does not sufficiently show the materiality and necessity of the testimony of the witness; but this objection seems to overlook the fact that the statement avers that Burrows is the only one of the plaintiffs with whom the defendants negotiated in regard to the sale of the property, and that Porter would testify that he told Burrows, prior to the purchase, of the true state of the title. This is undoubtedly a sufficient showing as to the materiality of the testimony. We do not understand the statute to require that, before the party can obtain an order for the personal attendance of a witness, the necessity for his testimony must be made to appear. The only requisite is a showing that his testimony is material and his oral examination important and desirable, and because a

party may have other witnesses who will testify to the same facts is no reason why he may not be entitled to the order referred to in section 795. Moreover, the court, on the motion to retax costs, found as a fact that the testimony of Porter was material and relevant, and his oral examination important and desirable.

3. We come, then, to the principal issue in the case. The statute provides that the service of a subpœna "is made by reading and showing the original, and delivering a copy or ticket containing its substance to the witness personally, giving or offering to him at the same time the fees to which he is entitled for travel to and from the place designated, and one day's attendance there" (Hill's Ann. Laws, § 792), and that a witness residing out of the county, and more than twenty miles from the place of trial, is only required to attend upon the service on him of a subpœna, with an order of the court indorsed thereon requiring his attendance, "and the payment of double fees": Hill's Ann. Laws, § 795. It will thus be seen that the "fees" required to be paid a witness in order to compel his attendance in obedience to an ordinary subpœna include both mileage and per diem ; and, in our opinion, the word is used in the same sense in section 795. Both sections 792 and 795 refer to the same subject-matter, are a part of the same act, and should be construed together. By the former, the legislature defined the word "fees," so that its significance as used in the act is clear and unambiguous, whatever it may mean in other statutes. When, therefore, in a subsequent section, it provides that, in order to compel the attendance of a witness residing out of the county, and more than twenty miles from the place of trial, he shall be paid "double fees," it plainly indicates double the fees required in ordinary cases. If section 795 is to be construed

independently of the context, and the word "fees" held to include per diem only, as contended for by the plaintiffs, a witness residing two hundred miles from the place of trial could be compelled to attend on the payment of only $4.00, while a witness residing but twenty miles distant would be entitled to $6.00. Unless the word "fees," as used in the section, includes mileage, no provision is made for its payment to a witness residing beyond the limits of an ordinary subpœna. If, on the other hand, it does include mileage, such a witness is manifestly entitled to double the ordinary rate. Section 795 has never been directly before this court for construction, although it has been intimated and assumed in more than one instance that it required the payment of double mileage to a witness attending in obedience to an order of the court.

In the early and leading case of *Crawford* v. *Abraham*, 2 Or. 163, it is said : " Mileage will be allowed, of course, to witnesses residing beyond the reading of an ordinary subpœna within the state, unless objection is made thereto, in which case a showing must be made to sustain that item, equivalent to that which is necessary under section 785 [now 795] of the Code, to procure a special subpœna. It would certainly be better for a party to pay such single mileage for a witness, than to force a party to procure a special subpœna, and thereby incur, under section 785, the liability to pay double mileage and attendance." Again, in *Sargent* v. *Umatilla County*, 13 Or. 442 (11 Pac. 225), it was assumed by counsel and the court that in a civil case a witness residing outside of the county, and more than twenty miles from the place of trial, who attended in obedience to an order of the court, was entitled to double mileage ; the point controverted being whether the same rule applied to a witness in a criminal case. The court thus states the proposition : " The appellant's counsel contends that witnesses,

in all cases in criminal actions, are only entitled to one rate of fees, which is prescribed in section 20, act October 24, 1864, of Miscellaneous Laws [2 Hill's Ann. Laws, p. 1117]; while the respondent's counsel contends that, as witness brought from another county in civil cases are entitled to double fees and mileage, they ought to be allowed the same rate in criminal cases." And again: "The respondent has no ground to stand upon in the case, except to claim that the legislature must have intended that a witness required to attend from another county should have the same fees in a criminal as in a civil case; but it seems to me that, if the legislature had so intended, it would have provided therefor expressly." It was held that a witness in a criminal case is only entitled to single mileage, on the ground that the Criminal Code expressly provides that section 795 shall not apply to criminal cases. See Criminal Code, § 1518. While these expressions of the court may be regarded as dicta, and not conclusive, they indicate the opinions of our predecessors as to the proper construction of section 795, and accord with its manifest purport and intent. If, as counsel argue, the fees allowed are exorbitant or excessive, the remedy is with the legislature, and not the courts. The judgment of the court below is therefore reversed, and the cause will be remanded to the court below, with directions to allow double mileage for the witness George F. Porter, as claimed.                          REVERSED.