<hr/>

Argued 1 October; decided 3 November, 1902.

### LUCKEY *v.* LINCOLN COUNTY.

[70 Pac. 509.]

|  |
|---|
| 42   331 |
| 42   606 |

MILEAGE OF WITNESSES AS COSTS—SHOWING REQUIRED.

1. When objection has been made to the allowance as costs of the mileage
claimed for a witness residing beyond the reach of an ordinary subpœna, and
who has voluntarily attended at the request of one of the parties, the claim
must be sustained by such a showing as would be required to obtain an order
requiring the attendance of the witness under like circumstances.*

COSTS—REQUIREMENT OF THE AMENDED VERIFIED STATEMENT.

2. Where objections to the taxation of witnesses' mileage as costs are filed
on the ground that the witnesses lived beyond the reach of an ordinary sub-
pœna, and attended merely at the request of the party, and that their oral
examination was not important or desirable, the amended verified cost state-
ment required to be filed by Hill's Ann. Laws, § 795, must affirmatively allege
that such examination was important and desirable.

From Linn: GEORGE H. BURNETT, Judge.

Action by G. F. Luckey, as administrator of the estate of
L. A. S. Luckey, deceased, against Lincoln County. From an
order retaxing costs, defendant appeals.           AFFIRMED.

<hr/>

*Hill's Ann. Laws, § 795; B. & C. Comp. § 807.

For appellant there was a brief over the names of *B. F. Jones* and *Weatherford & Wyatt,* with an oral argument by *Mr. J. R. Wyatt.*

For respondent there was a brief over the names of *W. S. McFadden* and *H. C. Watson,* with an oral argument by *Mr. McFadden.*

Mr. JUSTICE WOLVERTON delivered the opinion of the court.

1. This is an appeal from the retaxation of costs by the circuit court. The sole question insisted upon here pertains to the taxation of the mileage of certain witnesses from Lincoln County, who attended the court sitting in Albany, Linn County, more than twenty miles distant from their places of residence, to testify as witnesses in behalf of the defendant, and at its request. The objections interposed to the taxation of such mileage were that the witnesses were not sworn or examined in such cause, nor was their oral testimony at any time important or desirable or material in behalf of the defendant. The county, by its amended verified statement, set out the number of miles necessarily traveled; the number of days in attendance upon the court; that the witnesses attended at the defendant's request, and that their testimony was material, giving specific reasons why it was considered so; but did not make any averment relative to the importance or desirability of an oral examination. The trial court, as one of its conclusions of law, made the following finding, viz.: "In the absence of any showing whatever that the oral examination at the trial of this cause was important or desirable, the claim of the defendant for mileage for said witnesses, residing as they do more than twenty miles from the place of trial, is not well founded in law, and cannot be sustained or allowed;" and in pursuance thereof refused to tax such mileage as a disbursement recoverable by the defendant, and error is predicated upon the action of the court in this regard. Since the decision of this court, in *Crawford* v. *Abraham,* 2 Or. 163, it has been regarded as settled that, when objection has been made to the taxation of mileage of a witness living beyond the reach of an

ordinary subpœna, and the attendance is procured simply by
request of the party, the item must be sustained by a showing
equivalent to that which is necessary under Hill's Ann. Laws,
§ 795, to procure a special subpœna: *Sugar Pine Lum. Co.* v.
*Garrett,* 28 Or. 168 (42 Pac. 129); *Perham* v. *Portland Elec.
Co.* 33 Or. 451 (53 Pac. 14, 24, 40 L. R. A. 799, 72 Am. St.
Rep. 730); *Burrows* v. *Balfour,* 39 ·Or. 488 (65 Pac. 1062);
and *Spencer* v. *Peterson,* 41 Or. 257 (68 Pac. 1108).    The
showing required by the section referred to is that the testi-
mony of the witness is material, and his oral examination im-
portant and desirable.    In *Burrows* v. *Balfour,* 39 Or. 488 (65
Pac. 1062), the sufficiency of the order indorsed upon a sub-
pœna requiring the attendance of the witness, based upon an
affidavit couched in the language of the statute, that the testi-
mony of the witness was material, and his oral examination
important and desirable, was questioned, and it was held that
the order was in the nature of a judgment predicated upon the
showing thus made, and justified the taxation of double mile-
age.

2. In the case at bar we have the question presented, unat-
tended by the conclusive effect of any judgment, whether the
amended verified statement must, in addition to showing the
materiality of the testimony of the witnesses, also show that
their oral examination was important and desirable.    It is
argued that, inasmuch as the objections specified that the oral
testimony was not at any time important or desirable, the
question was sufficiently presented, and that it was unneces-
sary to make any affirmative allegation in the amended verified
statement to sustain the item.    The language of Mr. Justice
MOORE in *Spencer* v. *Peterson,* 41 Or. 257 (68 Pac. 1108), an-
swers the argument perfectly.    He says: ''This section [795,
Hill's Ann. Laws], construed in the light of the rule an-
nounced in the case cited (*Crawford* v. *Abraham*), requires the
prevailing party, if proper objection be made to his cost bill,
to file an amended verified statement showing that the testi-
mony of the witness, who had voluntarily come from his resi-
dence in another county, and more than twenty miles from the

place of trial, was material, and also that his oral examination was important and necessary.'' The objections are designed to call specific attention to the items claimed to be wrongful or without authority of law, and, when interposed, the burden of filing an amended verified statement is cast upon the party filing the cost bill, if he would maintain it. Having the burden of proof, he must show by such statement all that is required by the statute, construed in the light of *Crawford* v. *Abraham*, 2 Or. 163. So it is in the case at bar. In order to recover the item of mileage, it was incumbent upon the defendant to show by the amended verified statement that the testimony of the witnesses was not only material, but that their oral examination was important and desirable. There being no showing whatever as to the importance and desirability of such oral examination, the defendant has not brought itself within the rule, and the judgment of the circuit court must be affirmed.                      AFFIRMED.

Decided 10 November, 1902.