Common Pleas Court of Cuyahoga County,

J. CLARK MANSFIELD, ADMINISTRATOR, v. ANDREW J. COLE ET AL.*

Decided, June 4, 1914.

*Proceeding to Sell Real Estate to Pay Debts—Erroneous Entry Vacating Previous Decree—Becomes Binding Through Failure to Appeal—Terms of Probate Court—Section 11643.*

The administrator of an estate filed his petition in probate court asking leave to sell real estate to pay debts. C filed an answer and cross-petition setting up claim of a lien upon the premises. July 28, 1913, after hearing had, the court found in favor of C, and decree was entered without contest. October 6, property ordered sold at public sale. October 22, by motion with proper notice, A asked leave to be made party defendant; motion granted. November 1, A filed answer and cross-petition setting up a lien by virtue of judgment obtained during lifetime of decedent, upon which levy made upon real estate described in petition. No appeal or error proceeding on order allowing A to become party defendant. Cause set for hearing *de novo*, and decree entered finding A had a first, and valid lien, and that C had no lien; order of sale issued. No appeal taken from this order, and no error prosecuted. Property sold at public sale in February, and bought in by A for less than amount of his claim. February 16; the administrator filed motion to confirm sale, also to vacate order of December 29th, and grant rehearing upon all other matters heard at that time. Motion to confirm sale granted by the court, but overruled as to all the rest. To this ruling exceptions taken by administrator and defendants, and appeal taken to common pleas court. *Held:*

1. The action of the probate court in practically vacating the entry of July 28th, by its decision of December 29th, was erroneous. The court was not authorized, under the statutes of this state, *sua sponte* or otherwise, to make the entry or render the judgment and decree of December 29th.

2. As the court had jurisdiction of the subject-matter, the decree of December 29th was not void, but merely voidable, and an appeal would lie from such decision or judgment to the court of common pleas, where the same might have been reversed.

*Affirmed by the Court of Appeals, June 22, 1914; not reported.

3. Having failed to avail themselves of their right of appeal given them by the statute, within the time limited by statute, the defendants' can not now complain.

4. The court of common pleas is one of general jurisdiction, having regular terms. The probate court is a court of limited jurisdiction, having only such powers as the statutes confer upon it. The probate court has no regular terms, it being open for business at all times. Such terms as are provided for it by statute are for special purposes only. Therefore it is extremely doubtful whether the doctrine that the court of common pleas, being a court of general jurisdiction, has control over its docket and judgments during the term, applies to the probate court.

5. Section 11643, General Code, does not confer upon a probate court power to hold three regular terms of four months each in each year for all purposes, but only for purposes mentioned as provided for in Chapter VI of Title 4, Division 4, General Code.

*Walter C. Ong,* for plaintiff.
*Tanney & Barber* and *O. W. Broadwell,* contra.

FORAN, J.

On July 12, 1913, J. Clark Mansfield, as administrator of the estate of Catherine L. Larned, deceased, filed a petition in the probate court of this county, alleging that the personal estate of the decedent was insufficient to pay the claims or debts against the estate, and that it was necessary to sell certain real property, of which the deceased died seized, for that purpose. Service was waived and appearance entered by the defendants named in the petition, and on July 28th, 1913, the court, after hearing had, found the allegations of the petition were true, and that the allegations in the joint answer and cross-petition of Andrew J. Cole and Emma J. Cole were also true, and that there was due to them from said estate the sum of $356.75, with interest and costs.

The court further found that the said real estate had theretofore been duly appraised at the sum of $1,000, and that it would be to the best interest of the decedent's estate to have the same sold at private sale. It was therefore ordered, adjudged and decreed that said real property be sold at private sale, for cash, at not less than the appraised value thereof, and order of sale was accordingly issued, and the same was returned October

6, 1913, endorsed "not sold for want of bidders." On the same day, October 6, 1913, the motion of the administrator to advertise and sell at public sale was granted and allowed. On October 22, 1913, William Amos filed a motion in the proceeding asking to be made a party defendant, which motion was on October 24, 1913, granted and allowed; and on November 1, 1913, William Amos filed an answer and cross-petition alleging that theretofore he had obtained a judgment against the decedent, upon which execution had issued and levy was made, during the lifetime of the decedent, on the real estate described in the petition, which judgment was the first and best lien against the decedent's real estate. No notice of appeal was given, or appeal taken, or error proceeding instituted from the order allowing Amos to become a party defendant in the case within the time prescribed by law. The practical effect of granting the motion of William Amos to become a party defendant was to suspend further proceedings by the administrator and to modify the decree of July 28, 1913, so far as liens and priorities of liens were concerned, and the cause was set for hearing *de novo* upon that question. The original decree was entered during the May term of the probate court.

These questions arise: Could this decree be modified during the September term immediately following the May term? Was the decree of July 28th vacated? Has the probate court regular terms? The subsequent decree entered by the court on the 29th day of December, 1913, seems to indicate that the whole cause was heard *de novo* on that day, evidently *sua sponte*.

On December 5, 1913, the cause came on for further hearing upon the petition of the administrator and the answers and cross-petitions of the Coles and William Amos, and was reserved for decision.

On December 29, 1913, the court rendered its decision, from which it clearly appears that the court considered that the whole cause was then before it *de novo*.

The law is well settled that, as a general rule, courts of general jurisdiction possess the inherent power of controlling their own orders and decrees, and during the term may correct, modify, vacate or set aside such judgments, orders or decrees.

In *Kinsella* v. *DeCamp*, 15 O. C. C., 494, it was held or announced, that where a judgment has been correctly entered upon the journal of the court, and no motion for a new trial has been interposed, as provided by law, and the court, being convinced on subsequent reflection that the decision so rendered was wrong, may, at the same term of the court in which such judgment was entered, vacate the same, is a proposition that is seriously questioned; that is, the doctrine of this case seems to be, that where a judgment has been regularly and correctly entered upon the journal of the court, the court may not *sua sponte* vacate or modify the same, even during the term at which it was rendered and journalized; and the court is emphatic in saying that if a court could do this, it applied to courts of general jurisdiction and which have regular terms only.

There can be no doubt but that the probate court, if a court of general jurisdiction, having regular terms, upon motion filed to correct, modify or vacate its judgment, could do so during the same term. The probate court, however, is a court of limited jurisdiction, and it has been held that the provision of the statutes providing for the granting of new trials on applications made during the term at which the judgment was rendered, are not applicable to the probate court; and further, that the power of such court to vacate and modify its judgments or orders is governed by 5334-5363, Revised Statutes (now 11631-11643, General Code), and is limited to applications made after the term, and under said sections the probate courts are considered as holding three terms of four months each in a year. In *re Application of Blake*, 14 O. D. (N.P.), 89, however, it has been held that all courts have control over their journals and dockets, so that they may at all times see that they speak the truth as to what the court has done; but when a matter has been controverted, and the court has decided the question, and the judgment of the court has been correctly placed on the journal, it is final as to the power of the court to change, except as pointed out by the statute, and as to this the statute has made ample provision.

Section 5305, Revised Statutes (now 11576, General Code) has provided for what causes a decision may be vacated and a new

trial granted during term; but 5307, Revised Statutes (now 11578, General Code) provides when application must be made, and 5354, Revised Statutes (now 11631, General Code) *et seq.,* provide when and how courts may vacate and modify their judgments after term. All these provisions are held applicable to the probate court in *Exposition Building & Loan Co.* v. *Spiegel,* 12 O. C. C., 761. But query.

Section 11212, General Code, provides that the provisions of law governing civil proceedings in a court of common pleas, so far as applicable, shall govern like proceedings in the probate court when there is no provision on this subject in this title. But this section has no application to the mode in which appeals may be taken. *Keck* v. *Douglass,* 6 O. C. C., 649. It is limited to "like proceedings." See 9 O. L. R., 105.

It is quite evident that the action of the probate court in practically vacating the entry of July 28, 1913, by its decision of December 29, 1913, was erroneous; that is, we believe the court had no power, if the statutes were strictly followed, to *sua sponte* or otherwise make the entry or render the judgment and decree of December 29, 1913; but the court rendered this opinion and entered this judgment and decree, that is, of December 29, 1913.

The question arises, was the action of the court void, or merely voidable?

The court, of course, had jurisdiction of the subject-matter, and therefore it must be held that the decree of December 29, 1913, was not void, but merely voidable; that is, an appeal would lie from such decision or judgment to the court of common pleas, where the same might have been reversed.

In *Swasey & Company* v. *Antram & Company,* 24 O. S., 87, it appears that one of the defendants, in an action on a joint contract, died before judgment, and a judgment was taken against all the defendants without any suggestion of the death of the defendant who died or making his representatives parties; and it was held that such judgment was not void, but merely voidable. And on page 96 of the opinion the court says, that until the judgment is voided by proceedings in error by the representatives of the deceased defendant, it is final both as to him and as to the other defendants. It is not even voidable

by the other defendants, because, although erroneous, it is not erroneous to their prejudice.

In *Buchanan* v. *Roy's Lessee,* 6 O. S., 252, it was said that want of jurisdiction of the cause, equally as much as want of jurisdiction of a person, may render a judgment or decree void.

The doctrine seems to be, that while the court of common pleas, as a general rule, may vacate or modify judgments, decrees, or orders during the term in which they were made, yet its power to do so *sua sponte* is doubted by very respectable authorities; that is, where the court, on hearing had in a matter before it, renders its judgment, which is duly entered upon the journals of the court, its power upon its own motion to change, modify, or vacate such judgment, because it thereafter, upon further reflection, comes to a different conclusion, is doubted; and we think the power should be denied, as its exercise is fraught with danger and may lead to abuse. The common pleas court is one of general jurisdiction having regular terms. The probate court is a court of limited jurisdiction, having only such powers as the statutes confer upon it. The probate court is open for business at all times. It has no regular terms—its terms, such as it has, being for special purposes only. Its jurisdiction, being limited by statute, is specific and not general. Even its incidental and auxiliary powers are limited to such as are necessary to enable it to carry into effect the powers expressly granted by statute (*Davis* v. *Davis,* 11 O. S., 386). Therefore it is extremely doubtful whether the doctrine—that the court of common pleas, being a court of general jurisdiction, has control over its docket and judgments during the term—applies to the probate court, which has no regular term, being open at all times for the transaction of business.

It was held in *Exposition Building & Loan Co.* v. *Spiegel et al,* 2 C. C., 761, *supra,* that the probate court has three terms each year by virtue of Section 5365, Revised Statutes (11643, General Code), and that the statutes relating to a new trial in the court of common pleas during the term apply to the probate court. We think it more than doubtful if this doctrine can be sustained; indeed we believe that it is not the law. A careful reading of Section 11643 seems inevitably to lead to a different conclusion. This section reads as follows:

"The provisions of this chapter shall apply to the Supreme Court and probate court, so far as they may be applicable to their judgments or final orders. In estimating time, the probate court, *for this purpose,* will be considered as holding in each year three terms of four months each, the first commencing on the first day of January of each year."

For what purpose, now, may the probate court be considered as holding in each year three terms of four months each? Surely for the purpose of making the provisions of chapter 6, title 4, division 4, applicable to the probate court. The language seems to us to be clear. It says, "in estimating time, the probate court, *for this purpose,*" that is, for the purpose of estimating time under this chapter, "will be considered as holding in each year three terms of four months each." The word "considered," meaning regarded in a certain or particular aspect, is significant of the legislative intent of limitation.

We are sustained in this view by the well-considered opinion of Judge Bigger in *In re Application of Jane Blake,* 14 O. D., 89. Reference to this case will be made hereafter. The question may be one of such doubt, however, that the authoritative and controlling decision of our court of appeals may be necessary; and if our court of appeals should sustain the view here taken, a contrary view being taken by the Hamilton county circuit court, the matter might then be taken to the Supreme Court and the law on the question finally determined.

It is difficult to understand how Sections 11576 *et seq.,* relating to motions for new trials in the court of common pleas, can apply to the probate court, as it is provided in these statutes that the application must be made or the motion filed at the term the verdict, report, or decision is rendered, and within three days thereafter, except for the cause of newly discovered evidence. And it is also difficult to understand how Section 11643, giving the court of common pleas or the court of appeals power to vacate or modify its own judgments after the term at which the same were made, empowers the probate court to hear and grant motions for new trials filed during term, for the reason that this section makes the provisions of the chapter only applicable to new trials after term. The section itself, by its very

language, limits this right to the purpose of filing motions or petitions after term, and for the purpose of doing so giving to the probate court authority to hold three terms of four months each in each year.

Again, by statute it is provided that for criminal purposes the probate court shall have monthly terms, and except for that purpose, that is, filing motions or petitions for new trials, after term; and in criminal matters the probate court, as such, has no terms; and being a court of limited jurisdiction, having no terms except for special purposes provided by statute, we hold it has no power to change, modify or vacate its judgments legally rendered and entered upon its journals, except such power is expressly conferred by statute. See *Kinsella* v. *De Camp, supra;* also *In re Application of Jane Blake, supra.* In both these cases the probate court sought to modify or change a judgment previously regularly entered. The only question upon which the court has any possible doubt is, whether the judgment or decree of the probate court of December 29, 1913, modifying and in effect vacating its entry of July 28, 1913, is void, or voidable merely.

If the probate court has no power or authority except as expressly granted by statute, and it has no power or authority to vacate or modify its judgments or decrees duly and regularly rendered and entered upon its journals, may not the entry of December 29, 1913, be a nullity, that is, absolutely void and of no effect, even though it had jurisdiction of the subject-matter?

In *Swasey & Co.* v. *Antram & Co.,* 24 O. S., 87, *supra,* a judgment rendered against a dead man was held voidable merely, for the reason, no doubt, that the court had obtained jurisdiction, as service was had upon him during his lifetime. In the case at bar Andrew J. Cole waived service of summons and entered his appearance. The court not only had jurisdiction of the subject-matter, but Cole was also regularly before it and had voluntarily submitted to its jurisdiction. Having failed to avail himself of the rights the statutes gave him as to appeal, can he now complain? The question is not without difficulty and is not wholly free from doubt; and it might therefore be well, as has been just remarked, to have the matter passed upon

by the court of appeals, and thus obtain a more authoritative and controlling decision upon this and other phases of the case. In any event, it is not too late for the parties to avail themselves of the provisions of Chapter 6, Title 4, Division 4 of the General Code, relating to vacating judgments and orders after term, if they can bring themselves within the provisions of that chapter.

No appeal or notice of appeal having been given from the action. of the court in practically vacating its order of July 28, 1913, by its decree and judgment of December 29, 1913, the defendants, or either of them, can not now be heard to complain.

The finding of the court on December 29, 1913, was:

(a) That William Amos had the first and best lien against the real estate of the decedent in the sum of $767.76.

(b) That Andrew J. Cole is not entitled to any lien upon the property of the decedent, and his cross-petition was dismissed.

(c) The administrator, or the plaintiff in this action, was ordered to sell the real estate at public sale.

(d) That out of the proceeds he pay, first, the costs of the proceeding; second, the taxes due on the property; third, pay William Amos the amount found due him; fourth, that the administrator make due return of the sale, and wait the further order of the court.

Manifestly, if this judgment, order or decree is valid, and we hold that it is, nothing further remained to be done in the premises by the administrator or the court, except such acts of detail as were necessary to effectually and legally carry into effect the decree or judgment of the court. So far as Andrew Cole and William Amos were concerned, there was nothing further to be done if the administrator thereafter proceeded regularly and according to law. The court had fully determined and adjudged the controversy submitted to it, and had determined the rights of the parties and the relief to be awarded as between them. The court had pronounced the sentence of the law, rendered its judgment and made its final order in the matter; and all that remained to be done related merely to the necessary details to carry this order into effect, in doing which situations might have arisen in which the court would be called upon to

make what may be termed final orders, but only such orders as might be ancillary to the judgment itself and to its enforcement.

The court found, in this decree or judgment of December 29, 1913, that Andrew J. Cole had no lien on the real estate in question, and was not entitled to the relief prayed for in his cross-petition. If he believed he was aggrieved or injured by this holding or finding of the court, he could appeal to this court; but the statute, Sections 11207 and 11209, General Code, provides he should give notice of his intention to so appeal and file bond within twenty days of the rendition of the judgment or decree of which he complains. The purpose of the statute in limiting the time within which an appeal may be perfected and the proceedings incident thereto, is obvious; it is to prevent unnecessary and unreasonable delays in the final determination of legal controversies, and this is especially true of controverted issues in the probate court. That the estates of deceased persons, where the rights of children, creditors and legatees are involved, should be settled as speedily as possible consistent with the due administration of estates, will be admitted by everybody.

Andrew J. Cole did not give notice of his intention to appeal within twenty days after the rendition of the judgment of which he now complains; nor did the administrator, the plaintiff in this action; nor did Andrew J. Cole perfect an appeal as provided by law; and the plaintiff and the said Cole having failed to do this, the orders of the court subsequent to December 29, 1913, ancillary to the sale, advertising the property, confirming the sale and ordering a deed, were of no concern to Andrew J. Cole. The court having found Andrew J. Cole had no lien upon the property, and having denied him the relief he claims in his cross-petition, and he having failed to take the necessary steps to perfect an appeal from such finding, has he not lost the right to complain of the distribution of the proceeds? The decree or judgment of December 29, 1913, contains an order of distribution which, so far as Cole is concerned, can in no way affect him, as the court found he had no lien upon the property, except that he might have appealed from this judgment or decision. If in fact and of right he has no lien upon the land in question, and is not entitled to any relief in the premises, how can the question of distribution affect him?

Attention is called to these matters for the reason that it is quite evident that the real issue here involved is a controversy between the cross-petitioners Cole and Amos.

Before proceeding to examine the question immediately be-before the court, it may be well to call attention to the fact that much contention and controversy has arisen among lawyers and courts as to the meaning of the terms *final* and *interlocutory,* as these terms are sometimes applied to judgments as well as to the distinction between a judgment, decree and order. These disputes are often more fanciful than real, and generally arise upon the construction of language or wording of statutes or rules of court, often having reference to the proper time or modes of appeal or of execution. We all understand that a judgment is the final determination or adjudication of the rights of parties to an action. See Section 11582, General Code. In the Roman or civil law, a decree was the decision of the Emperor as the supreme judicial officer deciding a case referred or submitted to him. In English law a decree was more particularly the judgment of a court of equity, such in the United States as a decree of foreclosure or divorce; but in England since the adjudicature acts the term judgment is used in reference to the decisions of all the divisions of the supreme court. In the United States a decree generally means any decision made of record in a cause; and an order is a judicial direction of a court made to be entered of record in a cause, and not included in the final judgment (see Section 11582, General Code), such as sustaining a demurrer to a petition, or if it affects a substantial right which in effect determines the action, or if it affects a substantial right made in a special proceeding or upon a summary application in an action after judgment (see Section 12258, General Code), A decree is final which disposes of the whole merits of the cause, and leaves nothing for the further consideration of the court (*Kelley* v. *Standberry,* 13 O., 408).; that is, it disposes finally of a case previously pending. An interlocutory decree or order is a decree or order with reference or regard to a special matter in a pending cause, but which does not decide the whole case. In general, it may be said that a judgment is a final decision obtained in an action, and every other decision is an order.

If these definitions are correct, and we believe they are, it must be conceded that the finding of the probate court of December 29, 1913, was a final decree and judgment, so far as deciding and adjudicating the rights of the parties before the court. So far as Andrew J. Cole was concerned, there was absolutely nothing left for the further consideration of the court. If the court refused, on motion filed within the legally prescribed time, to vacate this judgment or decree, or grant a new trial, and if Cole failed to give notice and perfect an appeal within the time limited by law, he is irrevocably and forever concluded by that judgment or decree.

On February 16, 1914, a motion to confirm sale, marshal liens and for an order of distribution was filed. Inasmuch as the liens had been marshaled and priority thereof determined and distribution ordered on the judgment and decree of December 29, 1913, this motion, except so far as it related to the confirmation of sale, was properly overruled and denied on the 21st day of February, 1914. To this ruling of the court the plaintiff and defendants excepted, and their exceptions were noted and appear of record.

On February 25, 1914, the administrator, as plaintiff, filed his written notice of his intention to appeal to the court of common pleas, but from what? The journal of the probate court says he gave such notice of his intention to appeal from the judgment and order of the court theretofore made on the application for a marshaling of liens and for an order of distribution. This is practically the very language of the motion itself. There was then no order but this from which he could appeal. An appeal does not lie, and may not be had from this order, unless it can be said that the motion to marshal liens and for distribution is a special proceeding or a summary application in an action after judgment. In an action at law or in equity, any act done by authority or direction of the court, and all the various steps taken in a cause by either party, is a proceeding; but what is a special proceeding? Proceedings had under Sections 11631 to 11643, General Code, are special proceedings. Others may suggest themselves to counsel. An order of distribution is a final order. See *Earnfit* v. *Winans*, 3 O., 135. The difficulty, how-

ever, is, that an order of distribution was inserted and made a part of the judgment and decree December 29, 1913; and at the time the motion was filed, February 6, 1914, to marshal liens and for an order of distribution, this judgment and decree of the probate court was in full force and effect. The time to appeal therefrom or to vacate the same had expired. The court itself had lost control over the matter, as the judgment or decree was entered in the September term, 1913; providing it can be said, as a matter of law, that the probate court may in any event modify, change or vacate an order once regularly made and entered upon its journals, except as provided by Section 11631 et seq.. Setting aside a judgment or decree regularly entered, or vacating a default, would be a summary proceeding in a proceeding after judgment; but such action must be taken during the term at or in which the judgment or decree was entered or the default taken, unless it be done by special proceedings provided by statute for granting a new trial or vacating judgment after term. The court could not legally or consistently grant the motion, as in effect it would, of necessity, if a different order was made, vacate the judgment or decree of December 29, 1913. This could not be done at this term or in this way, if it could be done at all.

Counsel for plaintiff contend that, having appealed from the order of the court overruling the motion to marshal liens, and from an order of distribution, the whole case and every act taken, done and performed in relation thereto by the probate court, from the day the petition was filed until the appeal was perfected, is now before this court.

A moment's reflection will demonstrate the fallacy of this proposition. An order confirming a sale is a final order. *Teaff v. Hewitt*, 1 O. S., 511. Suppose on a foreclosure proceeding in the common pleas court, on hearing had, a decree or judgment of foreclosure is entered, in which liens are marshaled, distribution and sale ordered, and the property is advertised and sold, and a motion is subsequently made to confirm the sale, and this motion is opposed for the reason of irregularity and fraud in the appraisal and bidding; and if, upon hearing had, the court confirms the sale or grants the motion. would an appeal or writ of error to the court of appeals operate to vacate the decree and

bring the whole cause and every act had in relation thereto in the common pleas court before the appellate court, to be there litigated and determined *de novo,* or would the appeal or writ of error bring before the appellate court only the act of the common pleas court in confirming the sale? The answer to this question answers the contention of counsel. If the contention of counsel be true, in the nature of things there never would be an end to litigation.

The only possible question before this court is the order of the probate court overruling plaintiff's motion to marshal liens and for an order of distribution. As this motion asks the court to do that which it had already theretofore done at a former term, if as a matter of fact the probate court has regular terms, it might have been properly stricken from the files.

Rockel, in his admirable work on probate practice, Vol. 1, page 906, says, that while in some states an appeal in a proceeding of this kind is regarded as an entirety and bringing all orders made before confirmation before the appellate court as interlocutory ones; but that in our state it would seem that the order made upon the petition, finding it necessary to sell real estate, would be a final order as to the questions passed upon in such order (citing *Potter* v. *Jennman,* 4 N. P., 78; 4 Dec., 444); and further, that the finding made on confirmation of appraisement, and confirmation of sale, would also be a final order (citing *Evans* v. *Dunn,* 26 O. S., 439, and *Kelley* v. *Standberry,* 13 O., 442). Therefore Mr. Rockel says: "If appeal is to be taken from any one of these orders, it must be taken within the time limited from the date of each order; and the same rule would be applied in proceedings in error. It has been questioned whether the right of appeal exists as to the order confirming the sale" (citing *Norwood* v. *Park Co.,* 4 N. P., 240, 6 Dec., 341).

Attention is called to the case of *Potter, Teare & Co.* v. *Jennman,* 4 O. D., 444.

On February 25, 1914, the probate court, in an order, found that the administrator was appealing in the interest of his trust, and that no bond was required of him.

On April 2, 1914, this order was vacated by the court on motion duly filed by William Amos, one of the defendants herein,

the court in this latter order finding that the administrator was not appealing in the interest of his trust, and bond was required.

Counsel for plaintiff claims that the court erred in so finding.

We have carefully examined the record, and are firmly of the opinion that the court properly granted this motion, and properly found that the administrator was not appealing ·in the interest of his trust. This was not a final order, as it in no way affected any substantial right of the decedent's estate. It can not be said the proceeding was adversary or a proceeding *inter partes.* See *Johnson* v. *Johnson*, 26 O. S., 357. The administrator has no interest in the estate except that growing out of his trust relation to it, and the order did not in any way affect him in that relation.

For the reasons indicated herein, the appeal will be dismissed, and the same course will be taken with reference to the petition in error.