## BOARD OF COM'RS OF GRADY COUNTY v. CASTLEMAN.

No. 8025—Opinion Filed July 31, 1917.

(166 Pac. 891.)

**Sheriffs and Constables—Mileage—Deputy Sheriff.**

Under the statutes in force in this state in November, 1915, a county was liable to a deputy sheriff for only 60 per cent. of the mileage earned by him in serving or attempting to serve criminal processes, and no more.

(Syllabus by Hooker, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action between the Board of County Commissioners of Grady County and R. L. Castleman. There was a judgment for the latter, and the former brings error. Reversed.

John H. Venable, for plaintiff in error.

Holding & Herr, for defendant in error.

Opinion by HOOKER, C. The question involved is to determine whether a deputy sheriff in 1915 was entitled to be paid by the county compensation for the number of miles traveled by him in serving processes in criminal cases, based upon the statutory allowance of 10 cents per mile, or whether the county was liable only for 60 per cent. thereof. It is shown by the record that the county has paid 60 per cent. to the deputy sheriff, and the amount involved here is the other 40 per cent. claimed by the deputy sheriff in serving and attempting to serve criminal processes for the state in Grady county, Okla., during the month of November, 1915.

It must be conceded that the compensation to be paid to the deputy sheriff is governed and controlled by the statutes in force at the time the services were performed. By reference to section 3197 of Revised Laws 1910 (Harris-Day Code), we find that the fees authorized to be charged by the sheriff and the constable are specifically enumerated therein, and that the heading of this section provides that:

"The sheriff and constable shall charge and collect the following fees and none other."

And that following this heading, opposite each particular act to be performed by the officers named, is the amount which he is entitled to charge therefor, and in this list of charges we find:

"For each mile actually and necessarily traveled in his county in serving or endeavoring to serve any writ, etc., or in pursuing any fugitive from justice, ten cents."

By a just consideration of this statute it is evident that the Legislature intended to designate this mileage as a fee, and that the same was regarded and intended by the Legislature as fees. In 1910 and 1911 the Legislature' enacted chapter 12, and section 3 thereof, which may be found on page 28 of the Session Laws of 1910-11, which was amendatory of chapter 69 of Session Laws of 1910, and as amended is as follows:

"The sheriff may, by and with the consent of the county commissioners, appoint * * * who shall receive as their full compensation * * * sixty (60) per cent. of all fees by them earned in criminal cases, and the balance of such fees, earned and collected in criminal and civil cases, shall be paid into the county treasury monthly, and duplicate receipts therefor filed with the county clerk: Provided, however, that the county shall be liable to the deputy for sixty (60) per cent. of all fees earned in serving, or endeavoring, to serve, all criminal processes within the state; and provided, that no such fees shall be allowed by the board of county commissioners until such deputy shall have filed an itemized and verified statement that such fees have not and cannot be collected from any other source: * * *Provided, further, that in no case shall the county be liable to any field deputy sheriff for more than twelve hundred dollars ($1,200.00) per annum. * * *"

By reference to this section of the statute, it is apparent that the Legislature intended that the word "fee" should include mileage, and to limit the liability of the county to 60 per cent. thereof, for these words "sixty (60) per cent. of all fees earned in serving, or endeavoring to serve, all criminal processes within the state" clearly include "mileage" within the term "fee," as in the absence of executing any process the deputy sheriff would not be entitled to any compensation for endeavoring to serve the same, and the force and effect of the words "endeavoring to serve" must necessarily be that the Legislature had the mileage in view in the use thereof.

Construing these two statutes together, it is our opinion that what is denominat-

ed by the deputy sheriff as mileage was intended by the Legislature to be embraced within the word "fee" as used in these two acts, and that the limitation of liability to the county to 60 per cent. of all fees included mileage. See Burrows v. Balfour, 39 Ore. 488, 65 Pac. 1062, where it is held that the word "fee" includes mileage and per diem, to which a witness is entitled.

The judgment of the lower court is therefore reversed.

By the Court: It is so ordered.