(No. 4694.  May 14, 1927.)

AMERICAN NATIONAL BANK, a Corporation, Plaintiff and Appellant, v. I. D. COOPER, Defendant, and NANCY M. LARSON, Garnishee and Respondent.

[256 Pac. 372.]

COSTS—ITEMS IMPROPERLY INCLUDED AS TAXABLE.

Where garnishee's husband, used as a witness during the trial, was shown to have been present before necessity as a witness, and travel was not undertaken in contemplation of being a witness in the cause, mileage was improperly included as taxable costs, within purview of C. S., sec. 7218.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County.  Hon. H. F. Ensign, Presiding Judge.

Appeal from order taxing costs.  *Modified and affirmed.*

James S. Byers, for Appellant.

The disbursements must have been necessarily incurred in the action or proceeding.  (C. S., sec. 7218.)

A party is not entitled to recover costs until the entire controversy is disposed of.  (C. S., sec. 7218; 15 C. J. 105–159.)

The garnishee cannot recover costs for a witness whose testimony is immaterial, incompetent and irrelevant, or if summoned in bad faith.  (15 C. J. 131.)  A party is only entitled to costs for a witness from the place where he might have been subpoenaed; that is to say, "25 cents per mile one way" from the place where the witness was *at the time* a subpoena could or would issue to direct attendance. (C. S., sec. 8069.)

Publisher's Note.

See Costs, 15 C. J., sec. 298, p. 133, n. 74 New, 76.

C. E. Crowley, for Respondent.

When costs are allowed by the trial court, the presumption is that the costs were properly allowed. (4 C. J. 790; *Mitchell v. Bromberger,* 2 Nev. 345, 90 Am. Dec. 550.)

Unless positive error is alleged and pointed out by appellant in the record, or when there is a conflict in the evidence upon which the ruling of the court allowing costs was made, such ruling will be presumed correct on appeal, and will be affirmed. (*Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669; 7 R. C. L. 796; *Westfall v. Wait,* 165 Ind. 353, 6 Ann. Cas. 788, 73 N. E. 1089; 5 Standard Ency. Proc. 965.)

WM. E. LEE, C. J.—A default judgment having been entered against respondent Larson, as garnishee, in the action by appellant against the defendant Cooper, on her motion, the court set aside the former judgment, entered judgment in favor of the garnishee and allowed her costs in the sum of $166. This appeal is from the order taxing costs.

It is contended that the item of $160 allowed for mileage was not "necessarily incurred" by respondent's husband as a witness and should not have been included as taxable costs within the purview of C. S., sec. 7218. It was shown that respondent and her husband arrived in Idaho Falls previous to the filing of the motion to set aside the judgment, and, at the time of their arrival, there was no proceeding pending which necessitated his presence as a witness. *A subpoena could not properly have been issued, requiring his attendance as a witness, at the time of his arrival.* These facts and circumstances together conclusively establish that the travel was not undertaken by the husband in reasonable contemplation of being a witness in this cause. The trial court erred in allowing mileage of more than one mile for this witness as taxable costs. (*Crawford v. Abraham,* 2 Or. 163.)

**44 Idaho—19**

The order of the trial court is modified by deducting therefrom the sum of $159.75, and, as so modified, is affirmed.   Costs to appellant.

Givens, Taylor and T. Bailey Lee, JJ., concur.